ON MOTION FOR REHEARING
POLEN, Judge.
The appellant has filed a motion for rehearing alleging that this court misapprehended the facts and erred in its application of the law in our opinion filed on *554 December 18, 1991. We agree in some respects and withdraw our prior opinion. We grant rehearing for the following reasons.
We were under the impression, after reviewing the record and reading the briefs, that the appellant was not represented by counsel at the hearing on the appellees’ respective motions to dismiss the suit for failure to prosecute. The hearing was not transcribed and the trial judge had previously found that the case was abandoned by the appellant’s prior attorney, Mr. Warner Miller. It was only on motion for rehearing that we were made aware of Attorney Kuvin’s presence at the hearing, to which the appellees stipulated in their response. We therefore cannot agree with the trial court that the case was abandoned by counsel. Just because Mr. Miller dropped out of the picture does not mean that the case was abandoned. Mr. Kuvin was just as capable of maintaining the representation of the appellant.
The lack of transcript of the hearing on the appellees’ motions to dismiss would normally be fatal to the argument that the trial court abused its discretion, as we stated in our prior opinion. See Metropolitan Transit Authority v. Kaneva, 351 So.2d 748 (Fla. 3d DCA 1977). However, we note that the appellees, in their response to the appellant’s motion for rehearing, admit that Attorney Kuvin only argued matters of law at the unrecorded hearing. Thus, the trial court's ruling as a matter of law can be reversed by this court if such a ruling constitutes an abuse of discretion. Unlike in Metropolitan Transit, the appellant in the case at bar has been able to supply us with enough of a record, although belated, to support the argument that the trial court made an error of law.
We also find that the appellant’s memorandum of law in opposition to the appellees’ motions to dismiss for lack of prosecution constitutes the filing of a written document of “good cause” required by Florida Rule of Civil Procedure 1.420(e). The memorandum argues legal grounds alleging good cause why the case should not be dismissed, based on appellant’s having filed two notices of hearing during the one-year period. The trial court did not agree that the grounds were legally sufficient to overcome the appellees’ motions, and this court cannot disturb on appeal the finding that the “token noticing is not record activity” (citations omitted). Nonetheless, we find that the trial court erred in its legal conclusion that appellant and/or her lawyer had abandoned the case, and that it was therefore subject to dismissal under rule 1.420(e).
On the two factual matters which we misapprehended in our prior opinion— purported failure of any attorney or party to attend the hearing on appellant’s behalf, and failure to file any writing of good cause at least five days prior to the hearing — we now recognize we were in error. Clearly there was no abandonment of the cause, nor failure to prosecute as a matter of law, under the facts of this case.
We find that the trial court abused its discretion in dismissing the case for failure to prosecute. We grant rehearing and we reverse the order of dismissal in this case.
GLICKSTEIN, C.J., and DELL, J., concur.