GOSHORN, Chief Judge.
Melvin Ezell appeals from the trial court’s final judgment of dismissal of his case alleging breach of a fiduciary duty and fraud against Century 21 of the Southeast, Inc. (Century 21). Ezell argues that the trial court erred by dismissing Ezell’s cause of action for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). We affirm.
The complaint in this case was filed on November 12, 1986. The record shows that the only record activity within the one year period preceding Century 21’s motion to dismiss was a motion for summary judgment filed by Ezell on October 8, 1991. In the motion for summary judgment, Ezell did not state with particularity the grounds upon which the motion was based nor the substantial matters of law to be argued, as required by Florida Rule of Civil Procedure 1.510(c).[1] Furthermore, Ezell did not attach any affidavits to the motion and did not set the motion for a hearing. On November 27, 1991, Century 21 filed a motion to dismiss under Florida Rule of Civil Procedure 1.420(e), alleging Ezell’s failure to prosecute. After a hearing on Century 21’s motion to dismiss, the trial court entered a final judgment of dismissal expressly finding that Ezell’s motion for summary judgment was merely a passive effort taken in bad faith to keep the suit on the court’s docket and taken without any design to move the case toward a conclusion on the merits.
In reaching its conclusion, the trial court relied on Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991). In Del Duca, the supreme court expressly held that where the trial court is considering whether to dismiss an action for failure to prosecute and some discovery activity has occurred during the preceding year, the trial court is permitted to grant the motion to dismiss if it finds that the discovery is in bad faith and also is without any design to move the case toward a conclusion on its merits. Id. at 1309. In interpreting Rule 1.420(e), the Del Duca court approved the Second District Court of Appeal’s decision in Anthony v. Schmitt, 557 So.2d 656 (Fla. 2d DCA 1990) that the trial court has discretion to dismiss an action when the only record activity for the previous year was bad faith activity, which means activity that is “frivolous or clearly useless” to further prosecute the case.[2] Id.
On appeal, Ezell argues that no evidence in the record supports the trial *275 court’s finding that Ezell filed his motion in bad faith merely to keep the case on the court’s docket without further prosecuting the case. However, the record does not contain a transcript of the hearing, and thus, Ezell has failed to meet his burden of showing an abuse of discretion in the trial court’s finding. See Huertas v. Palm Beach County, 602 So.2d 553, 554 (Fla. 4th DCA1992); Metropolitan Transit Auth. v. Kaneva, 351 So.2d 748 (Fla. 3d DCA 1977). We find that the Del Duca test applies to Ezell’s motion for summary judgment in this case,[3] and in the absence of a transcript, we are unable to find that the trial court abused its discretion.
AFFIRMED.
DIAMANTIS, J., concurs.
DAUKSCH, J., dissents with opinion.

. Ezell’s motion simply stated:
Comes now Compass Points, Inc., Compass Points Realty, Inc., Compass Points Ltd., Inc., and Melvin Ezell individually, Pro-Se in the above-styled and numbered causes and moves the court for Summary Judgment, in his/ their favor and against the Defendants and in support hereof would respectfully show the court as follows:
(1) That there have been numerous depositions of the parties and witnesses, with and without the production of documents, in these actions,
(2) That there have also been numerous notices for the production of documents and/or other evidence in both actions,
(3) That there have also been numerous interrogatories directed to all parties [sic] actions,
(4) That as a result of the foregoing there is a substantial body of evidence of record in the subject actions,
(5) That all of the depositions, interrogatories, documents, and other evidence of record herein shows conclusively that the plaintiffs are entitled to judgement, as a matter of law, and; that here [sic] are no issues for the court to decide.

. In Anthony, the court stated:
Typically, discovery should not be regarded as bad faith activity unless the discovery is frivolous or clearly useless in the further prosecu *275 tion of the case. In many respects, this holding is similar to a requirement that the trial court strike the discovery as sham or pretextual record activity, allowing the trial court then to dismiss the action because more than one year has elapsed without record activity. Cf. Mikos v. Sarasota Cattle Co., 453 So.2d 402 (Fla.1984) (a plaintiffs notice of trial will not bar dismissal for lack of prosecution if the plaintiff subsequently indicates unreadiness for trial); Fla.R.Civ.P. 1.150.
Anthony, 557 So.2d at 662. For clarification, we note that the motion for summary judgment in the instant case is not a pleading for purposes of a motion to strike a sham pleading under Rule 1.150.

. Similarly, in a recent opinion, this court held that filing a motion for a mediation conference without setting the motion for a hearing or any other follow-up activity is not record activity within the meaning of Rule 1.420(e) under the Del Duca test. See Heinz v. Watson, 615 So.2d 750 (Fla. 5th DCA 1993).