GRIFFIN, Chief Judge.
D.A. DeVane, d/b/a Volusia Enterprises [“Volusia”], appeals the lower court’s order of dismissal for want of prosecution. We reverse.
On May 4,1995, Volusia filed a three count complaint against defendants P.J. Constructors, Inc. [“PJ”], Smith Hammock Landscape [“Hammock”], and Seaboard Surety Company [“Seaboard”], seeking damages in the amount of $69,474.00 for work performed and materials supplied to construct S.R. 416 in Seminole County.
On May 22,1995, Volusia filed an amended complaint. Defendants filed their Answer on June 30,1995. Volusia filed its Reply on the same day. Volusia’s counsel filed a motion to withdraw on October 19, 1995, which was granted on December 29,1995.
Both parties engaged in discovery between February 28, 1996, and April 25, 1996. Included in those discovery efforts was PJ’s request for production to Volusia filed on February 28,1996. Appellees assert that PJ also served a Notice of Taking Deposition Duces Tecum on the same day, setting Volu-sia’s deposition for April 3, 1996; however, the notice does not appear in the record. Volusia filed its response to PJ’s request for production on April 8, 1996, stating that “Plaintiff produced numerous documents at his deposition and the documents, if any, sought by the Defendant P.J. Constructors, Inc.’s Request to Produce were included within the documents produced at the deposition” on April 3,1996.
On May 17, 1996, Volusia filed a second response to PJ’s February 28, 1996, request for production. The response stated that “Plaintiff attaches additional documents not produced at his deposition and which were sought by Defendant P.J. Constructors, Inc.’s Request to Produce.”
On May 30, 1996, PJ and Seaboard moved the court for leave to file an amended answer to include a request for attorney’s fees pursuant to section 255.05, Florida Statutes. On *1377 September 10, 1996, the court granted plaintiffs counsel’s motion to withdraw.[1] On September 11,1996, the defendants filed a notice of hearing on their motion for leave to file an amended answer. On October 23, 1996, the court granted PJ’s and Seaboard’s motion to amend their answer. The court ruled that the amended answer was deemed filed as of the date of the order.
On May 13,1997, defendants filed a motion to dismiss for lack of prosecution. The court entered an order of dismissal on July 29, 1997, finding neither record activity reflecting action prosecuting plaintiffs case or a showing of good cause filed in writing why the action should remain pending.
Volusia contends that the lower court erred in dismissing its case for failure to prosecute. We agree.
The defendants filed their motion to dismiss on May 13, 1996; therefore, the time line for determining record activity begins on May 12, 1995. Levine v. Kaplan, 687 So.2d 863, 865 (Fla. 5th DCA), review denied, 697 So.2d 511 (Fla.1997). Diming this time, only six documents were filed in the record: (1) Volusia’s second response to PJ’s request for production filed on May 17,1996; (2) PJ and Seaboard’s motion to amend their answer to include a request for attorney’s fees filed on May 30, 1996; (3) the court’s order granting Volusia’s attorney’s motion to withdraw on September 10,1996; (4) the notice of hearing on the defendants’ motion to amend filed on September 11, 1996; (5) the court’s order granting PJ and Seaboard’s motion to amend their answer on October 23,1996; and (6) the amended answer filed on the same date.
The order granting Volusia’s attorney’s withdrawal plainly cannot constitute record activity. See generally Dion v. Bald, 664 So.2d 348, 349 (Fla. 5th DCA 1995); Nesbitt v. Community Health of South Dade, Inc., 566 So.2d 1 (Fla. 3d DCA 1989); Berenyi v. Halifax Hosp. Medical Ctr., 498 So.2d 655, 656 (Fla. 5th DCA 1986).
However, the appellees amended answer adding a prayer for attorney’s fees does constitute record activity. A plaintiff can rely upon a defendant’s activities to constitute record activity. Milligan v. Osborne, 682 So.2d 706 (Fla. 5th DCA 1996). It has also been held that filing an answer may constitute record activity. Eastern Elevator, Inc. v. Page, 263 So.2d 218, 220 (Fla.1972). The filing of an amended answer to add a prayer for relief is a substantive pleading that sets forth the relief the defendant seeks. Moreover, a defendant’s claim for attorney’s fees is calculated to speed a case to conclusion by identifying the parties’ respective legal risks. See Freeman v. Schuele, 566 So.2d 817, 818 (Fla. 2d DCA 1990); Biscayne Awning & Shade, Inc. v. Miami Beach Awning Co., 565 So.2d 740, 741 (Fla. 3d DCA 1990);.
Volusia’s second response to PJ’s request to produce is also sufficient activity to preclude dismissal. See Kodner v. Florida Power and Light Co., 693 So.2d 1122, 1123 (Fla. 4th DCA 1997). Under Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991), approving Anthony v. Schmitt, 557 So.2d 656, 659 (Fla. 2d DCA 1990), the trial court may only dismiss for lack of prosecution when it finds that the discovery activity was undertaken in bad faith and is not calculated to hasten the case towards judgment. Id. at 1309. There is nothing to suggest this filing was in bad faith. The response in the instant case was filed almost a year before the date of the defendants’ motion to dismiss. Even if it had been filed on the eve of the one year deadline, if the response moved the case towards judgment, it would still be sufficient to preclude dismissal. Id. at 1309.
Defendants argue that Volusia’s second response is no more than an attempt to cure an earlier discovery violation for failure to supply all requested documents pursuant to their earlier notice of deposition duces tecum. Alternatively, they argue that because the documents should have been produced outside the one-year period, their tardy filing should not count against a want of prosecution action. Finally, appellees urge that the filing of a supplemental response to request for production or a filing of a notice of service of documents in response to a *1378 notice of deposition duces tecum are “unauthorized” filings that should be treated as a nullity. We find no merit in any of these arguments. Moreover, we conclude the “bad faith” contemplated under the Del Duca test is not the “bad faith” suggested by defendants. Anthony v. Schmitt, 557 So.2d 656, 662 (Fla. 2d DCA 1990). A (possible) discovery violation is not bad faith for purposes of Rule 1.420. Bad faith under Del Duca involves a plaintiff who files a legally insufficient or a frivolous motion in a last gasp effort to save its case from the jaws of dismissal. That is not present in the instant case.
Defendants finally urge that the lack of transcript of the hearing on the dismissal motion prevents this court from determining whether the lower court erred. In support of their position, defendants rely on this court’s holding in Ezell v. Century 21 of Southeast, Inc., 615 So.2d 273, 275 (Fla. 5th DCA 1993). In Ezell, this court held that, absent a hearing transcript, the plaintiff failed to meet his burden of showing abuse of discretion where the trial court found that the plaintiffs summary judgment motion was defective and was filed in bad faith merely to keep the case on the court’s docket without further prosecution. Id. Ezell is not applicable to this case. The filings in this case are sufficient on their face to constitute record activity.
REVERSED and REMANDED.
HARRIS and THOMPSON, JJ., concur.

. Attorney Scott’s motion to withdraw does not appear in the record.