456 So.2d 548 (1984)
Monroe GELB and Carl A. Spatz, D/B/a Gelb & Spatz, a Partnership, Appellants,
v.
Nelson MIRANDA, Appellee.
No. 83-2859.
District Court of Appeal of Florida, Third District.
September 25, 1984.
*549 Gelb & Spatz and Carl Spatz, Miami, for appellants.
Barney V. Avchen, Hialeah, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
Gelb and Spatz appeal a final order dismissing their action for failure to prosecute. We reverse.
We are faced again with an interpretation of Florida Rule of Civil Procedure 1.420(e),[1] which, for some reason, both counsel and trial judges appear to have trouble understanding. The interpretation is relatively simple. If sufficient record activity occurs during the one-year period preceding the motion to dismiss for failure to prosecute, then the motion should be denied. Collado v. C & C Cattle Co., 415 So.2d 901 (Fla. 3d DCA 1982); Florida East Coast Railway v. Russell, 398 So.2d 949 (Fla. 4th DCA), review denied, 411 So.2d 381 (Fla. 1981); Biscayne Construction Co. v. Metropolitan Dade County, 388 So.2d 329 (Fla. 3d DCA 1980).
Here plaintiff-appellant's notice of hearing on defendant's pending motions was filed only four days before the defendant's motion to dismiss for failure to prosecute. Since a notice of hearing is sufficient record activity to preclude dismissal, Greenwell v. Cuiffo, 415 So.2d 901 (Fla. 3d DCA 1982); Kenet v. Stein, 326 So.2d 36 (Fla. 3d DCA 1976); see generally, Nelson v. Stonewall Insurance Co., 440 So.2d 664, 665 (Fla. 1st DCA 1983) (reviewing a number of cases regarding sufficiency of record activity), the motion to dismiss in this case should have been denied.
Reversed and remanded.
NOTES
[1] Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice of the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction of a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.