482 So.2d 407 (1985)
Phil Eugene GROOMS, Appellant,
v.
Jose M. GARCIA; Labrada H. Garcia; Progressive American Insurance Company, a Foreign Corporation; L.H. Smith; Dayton Bars and Counters, Inc., a Foreign Corporation; American States Insurance Company, a Foreign Corporation; Charles A. Gay; Eugene Moore; Northwestern National Casualty Company, a Foreign Corporation; Howard Williamson, and Florida Rock Industry, Inc., Appellees.
No. 85-389.
District Court of Appeal of Florida, Second District.
December 11, 1985.
Rehearings Denied February 5, 1986.
*408 Preston C. Widoff, of Schott & Dale, P.A., Lakeland, for appellees Charles A. Gay, L.H. Smith and Mary Smith, as trustees for L.H. Smith, Inc., formerly Dayton Bars and Counters, Inc., succeeded by L.H. Smith, individually; and American States Ins. Co.
George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees Florida Rock Industries, Inc.; Eugene Moore; Howard Williamson; and Northwestern Nat. Cas. Co.
Maron E. Lovell, Miami, for appellant.
Jay B. Verona of Stolba, Conklin & Verona, P.A., St. Petersburg, for appellees Jose M. Garcia, Librada H. Garcia, and Progressive American Ins. Co.
HALL, Judge.
Phil Eugene Grooms, plaintiff in the trial court, appeals from a final order dismissing his cause of action for lack of prosecution. Appellant contends that by filing a notice of hearing within the one-year period he complied with record activity as required by rule 1.420(e), Florida Rules of Civil Procedure.
Appellant's cause of action arose as a result of a four-vehicle collision in Hillsborough County in 1981.
On July 22, and August 1, 1983, the parties filed various motions, including motions for summary judgment. All pending motions were set for a hearing on September 16, 1983. At the termination of the hearing, the court requested counsel for appellant to prepare a written order covering the court's rulings. Counsel for appellant failed to prepare such order, and consequently, no written order was ever entered by the court.[1] The outcome of this hearing is disputed.
Appellant contends that the court did not rule on all of the motions, while appellees contend that the court disposed of all motions, with the exception of a motion to dismiss the insurance companies pursuant to section 627.7262, Florida Statutes. Appellees contend that the court reserved ruling on this motion pending the decision of a case before the Supreme Court of Florida concerning the constitutionality of the statute and set final disposition of the motion for the pretrial conference.
On July 25, 1984, appellant filed a notice of hearing scheduling all pending motions to be heard on September 18, 1984. The parties all agreed that the one-year period expired on August 1, 1984, one year after the filing of the motions for summary judgment by appellees Garcia and Progressive.[2] On August 8, 1984, appellees Garcia and Progressive filed motions to dismiss for failure to prosecute, and shortly thereafter, all other appellees filed similar motions. These motions were also set for the hearing scheduled for September 18, 1984. This hearing was held on September 18, 1984, and on January 28, 1985, the court entered an order granting the motions to dismiss for lack of prosecution.
The sole issue for our consideration in this appeal, considering the agreed upon time period, is whether the notice of hearing filed by appellees on July 25, 1984, is record activity as required by rule 1.420(e), Florida Rules of Civil Procedure.
We find that the notice of hearing satisfied such requirement. It was calculated to move the case toward conclusion. The courts have consistently held that a notice of trial or hearing is sufficient action to avoid the effect of a motion to dismiss under rule 1.420(e). Adams Engineering Co. v. Construction Products Corp., 156 So.2d 497 *409 (Fla. 1963); Thomas v. Personal Representative of Estate of DeLoach, 400 So.2d 204 (Fla. 4th DCA 1981).[3]
We therefore reverse the trial court's order dismissing this cause of action and remand for proper disposition on the merits.
GRIMES, A.C.J., and FRANK, J., concur.
NOTES
[1] Counsel for appellant contended that he became ill shortly after the hearing and then moved his offices to Miami. Later, when he realized that no order had been entered on the motions, he noticed them for hearing, as he was unsure of the court's ruling.
[2] Though we do not necessarily agree that the one-year period expired on August 1, 1984, we base this decision on that date as the parties have so agreed.
[3] We do not in any way condone the conduct of appellant's counsel in the prosecution of this case. It certainly appears that he was negligent in failing to reduce the order to writing or at least in failing to notice these motions for hearing for a period of approximately ten months.