CAMPBELL, Judge.
Appellants appeal the dismissal of their personal injury action for failure to prosecute and the denial of their motion for rehearing and motion for relief pursuant to Florida Rule of Civil Procedure 1.540(b). We reverse.
Appellants’ original complaint was given case number 82-7930-13 in the trial court. That case was dismissed for failure to prosecute on August 22, 1984, and costs were assessed in favor of appellees. Appellants refiled their complaint on October 8, 1984, and that complaint was assigned case number 84-12439-11 in the trial court. Appel-lees then filed a motion to dismiss the latter complaint on the grounds that appellants had not paid the costs assessed in the dismissal of the earlier complaint.
Later, the trial court entered a series of orders in the earlier case numbered 82-7930-13. One of those orders stayed the execution of the order assessing costs, but did not dispose of appellees’ motion to dismiss case number 84-12439-11 for failure to pay the costs in 82-7930-13. On April 17, 1985, the court ordered appellees’ pending counterclaim in the original case number 82-7930-13 consolidated with appellants’ complaint in case number 84-12439-11. That April 17, 1985 order was the last record activity in case number 84-12439-11 until appellants, on March 31, 1986, noticed for hearing appellees’ pending motion to dismiss appellants’ later action for failure to pay the costs assessed in the earlier action.
The notice of hearing set May 30,1986 as the date for the hearing. Through neglect, appellants’ attorney did not enter the date on his appointment calendar and failed to appear for his noticed hearing on May 30, 1986. As a result, the trial court entered an order which declared appellants’ March 31, 1986 notice of hearing a nullity. The stated reasoning of that order was appellants’ failure to appear at the time noticed for the hearing and the trial court’s conclusion that the subject matter of the hearing, the motion to dismiss for failure to pay costs, had been in effect determined by the earlier order in the earlier case staying execution of those costs. We disagree with the trial court’s reasoning and reverse.
While the order in the earlier case stayed the execution of the costs assessed in that case, it did not finally dispose of the issue of those costs and, more importantly, it did not address appellees’ pending motion to dismiss in the later case for failure to pay those costs. Since appellees did not voluntarily withdraw their motion, the only way to effectively determine that issue and dispose of the pending motion was to notice it for hearing, which appellants did. The trial judge’s declaration that appellants’ notice of hearing was a nullity was error. *657 This case is controlled by Grooms v. Garcia, 482 So.2d 407 (Fla. 2d DCA 1985), where this court determined that a notice of hearing is record activity as required by Florida Rule of Civil Procedure 1.420(e). As in that case, appellants’ notice of hearing was calculated to remove an obstacle from the prosecution of their complaint and was, therefore, designed to move the case toward conclusion.
Likewise, we consider that declaring the notice of hearing a nullity was an improper sanction to impose for the failure of appellants’ counsel to appear at the hearing.
The order dismissing appellants’ cause of action is reversed.
SCHEB, A.C.J., and SCHOONOVER, JJ., concur.