SCHEB, Acting Chief Judge.
Plaintiff Jones appeals the dismissal of his case for failure to prosecute under Florida Rule of Civil Procedure 1.420(e). The issue is whether Jones’ filing of a notice of hearing on third party defendant Great American Surplus Lines Insurance Company’s motion to transfer constitutes record activity.
Rule 1.420(e) requires that, absent a showing of good cause, an action in which there has been no record activity for a period of one year must be dismissed. Jones filed his notice of hearing on September 28, 1987. Prior to this, the last record activity occurred on October 30,1986, when Great American moved to transfer the case to another division of the trial court for consolidation with two related cases. He contends that the court erred in dismissing his case for lack of prosecution because there was valid record activity as of October 30, 1987, when Great American sought dismissal against the third party plaintiffs/defendants under Rule 1.420(e). We agree.
Appellees argue that Jones’ notice of hearing was a nullity" because it was an attempt by him to hold a hearing on the consolidation of the instant case with a nonexistent one. In his brief, Jones explains that the object of the motion to transfer was to consolidate three cases for trial: the action appealed here; a second case Pierce v. Garcia and Cannata, circuit court case # 85-3014; and a third action, McCalla v. Tampa, Pierce, DePerte, circuit court case # 82-11032, to which appellees were not parties. As appellees indicate, case # 85-3014 had been dismissed August 27, 1987. Case # 82-11032, however, was active when the notice of hearing on the motion to transfer was filed and that case was not dismissed until May 27, 1988. There is no requirement that appellees be parties to the action with which this case was to be consolidated. Appellees do not *278 challenge the relevance or suitability for consolidation of case # 82-11032.
Therefore, we think that Jones’ notice of hearing on the motion to transfer, which remained pending as between the instant action and case #82-11032, was one reasonably intended to progress the causes between himself and appellees.
In Grooms v. Garcia, 482 So.2d 407, 408 (Fla. 2d DCA 1985), this court stated, “The courts have consistently held that a notice of trial or hearing is sufficient action to avoid the effect of a motion to dismiss under Rule 1.420(e).” See, Breeding v. Yellowcab Co. of St. Petersburg, 505 So.2d 655 (Fla. 2d DCA 1987).
A notice of hearing is sufficient record activity to preclude dismissal. Grooms. The notice here was not, as appellees contend, a nullity. Thus, it was error for the trial court to dismiss the case for lack of prosecution.
Reversed and remanded for proceedings consistent with this opinion.
SCHOONOVER and HALL, JJ„ concur.