615 So.2d 750 (1993)
John Dale HEINZ, Jr., Appellant,
v.
Lawrence M. WATSON, Jr., et al., Appellees.
No. 92-1270.
District Court of Appeal of Florida, Fifth District.
February 26, 1993.
Rehearing Denied March 29, 1993.
*751 Sheldon D. Stevens of Stevens, Peters & Greenfield, P.A., Merritt Island, for appellant.
Charles T. Wells of Wells, Gattis, Hallowes & Carpenter, P.A., Orlando, for appellees.
DAUKSCH, Judge.
Appellant, John Heinz, timely appeals a final order dismissing his action against appellees, Lawrence Watson, Esquire and Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., for failure to prosecute.
The record shows that appellant filed an amended complaint for malpractice against appellees on April 27, 1990. Appellees filed a motion to dismiss for failure to state a cause of action. The trial court denied the motion giving them 20 days from the date of its order to answer the complaint. Appellees answered the complaint on October 10, 1990 asserting as affirmative defenses appellant's negligence and the statute of limitations. Appellant filed a motion for mediation conference on April 25, 1991. On January 28, 1992, appellees moved to dismiss appellant's complaint for failure to prosecute alleging that there had been no record activity designed to move the case forward to a conclusion on the merits for more than one year. Appellees alleged that appellant had not filed his motion for mediation conference in good faith because he had failed to schedule a hearing on the matter.
A hearing was held on appellees' motion to dismiss. Regarding his intent in filing the motion for mediation conference, appellant's attorney argued:
MR. STEVENS: Judge, I filed that with the idea of having a mediation. I contacted Mr. Wells. I will state as an officer of this Court and will be sworn if the Court wants me to for the Record, that I made contact with Mr. Wells after this. It was determined that we would take the ex-wife's deposition. We talked about going to Connecticut or bringing her down here. I have probably 12 phone calls to the ex-wife over the next seven or eight months and I have the record here with me today. That's all the ones that are highlighted to show that I made many attempts to get her down here and talk to her.

*752 I have a motion before the Court today to have a subpoena  authorizing an attorney to issue a subpoena up there. That is not activity which any court has determined to be passive. This would be something of first impression for this Court. To determine a motion to set a mediation would be something that wouldn't leave it. I talked to Mr. Wells and it was decided that was the one thing we needed to do and I have been working on that.
I have the right to rely upon the rules in filing a pleading. I marked my calendar and I marked my computer as to when the one year is up.
Appellees' attorney argued in response that appellant had failed to file an affidavit setting forth his argument five days before the hearing as required by Florida Rule of Civil Procedure 1.420(e).
Following the hearing, the trial court entered an order granting appellees' motion to dismiss and dismissing appellant's action without prejudice. The court found that appellant's motion for mediation conference was passive rather than active record activity which was not designed to and did not have the effect of moving the case to trial on the merits. The court noted that the motion had not been set for hearing and that a mediation order had not been entered. We affirm.
The issue in this case is whether a motion for mediation conference is record activity within the meaning of Florida Rule of Civil Procedure 1.420(e). That rule provides:
RULE 1.420 DISMISSAL OF ACTIONS
* * * * * *
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
In Del Duca v. Anthony, 587 So.2d 1306 (Fla. 1991), the supreme court set forth the test to determine whether record activity within the year is "`a mere passive effort to keep the suit on the docket.'" Id. at 1309 (citing Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla. 1972) and Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla. 1951). The test requires the trial court to determine whether the discovery was filed in bad faith and whether it was filed with the intent to move the case forward to a conclusion on the merits. In Del Duca, the plaintiff filed a specific and detailed request to produce and a notice of service of interrogatories to the defendants 364 days after the last record activity had occurred. The defendant moved to dismiss the action for failure to prosecute arguing that the discovery requests were not meaningful acts of prosecution. A hearing was held after which the trial court granted the defendant's motion to dismiss. The court determined that the plaintiff's discovery requests were insufficient to constitute further prosecution of the underlying wrongful death action. The court also based its dismissal upon the plaintiff's attorney's failure to appear at a previously scheduled status conference. The Second District Court of Appeal reversed the trial court finding that the discovery was sufficient record activity to bar dismissal of the action. The court noted that although the discovery was filed to avoid application of rule 1.420(e), it sought important witnesses, thereby moving the case toward a conclusion on the merits. The court also found that the discovery was not frivolous or useless and that it was not filed in bad faith. The supreme court affirmed the district court's decision.
Even more recently, the supreme court in Toney v. Freeman, 600 So.2d 1099 (Fla. 1992), expounded on what constitutes record *753 activity sufficient to withstand a dismissal for failure to prosecute as follows:
... Record activity must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla. 1972).
* * * * * *
We find the opinions in Norflor Construction [Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987)] and Caldwell [v. Mantei, 544 So.2d 252 (Fla.2d DCA 1989)] to be consistent with the principle that record activity must advance a case toward resolution. As Judge Downey noted in his dissenting opinion below, "[i]n a stretch of the imagination . .. most any activity demonstrates there is life in the case and nudges it along. However, the ideal is to do something affirmative, something of substance." 591 So.2d 200 at 202 (Downey, J., dissenting). Not every paper placed in the court file may be considered as record activity.
We also find this reasoning to be consistent with the spirit and purpose of the rule. Trial judges should be encouraged to take an active role in keeping themselves informed of the cases assigned to them. We refuse to construe appropriate case management activities [trial court's request for case status report] in such a way as to give the parties leave to ignore the case for another year before dismissal is possible. Such a construction would thwart the purpose of case management and the purpose of the rule itself  to encourage prompt and efficient prosecution of cases and to clear court dockets of cases that have essentially been abandoned.
Toney, 600 So.2d at 1100. In Toney, the supreme court determined that an attorney's response to the trial court's status order in which the attorney merely stated that the plaintiff had died did not constitute record activity within the meaning of rule 1.420(e). The court emphasized that the attorney's response did not move the case forward towards disposition but merely attempted to explain the delay in prosecution. The court remanded the case to the district court, however, to permit it to address the issue of whether good cause was shown for failure to prosecute.
In accordance with the supreme court's reasoning in Toney and in Del Duca, we find that the trial court's dismissal of appellant's malpractice action in the present case for failure to prosecute is correct for several reasons. First, a motion for mediation conference, standing alone and without any follow-up activity during the subsequent six-month period, is not record activity implemented to advance the case forward to a conclusion on the merits. If appellant's attorney had set the matter for hearing and had proceeded forward with mediation, dismissal of the case would not have been justified. A notice of hearing is record activity within the meaning of rule 1.420(e). Jones v. Garcia, 536 So.2d 277 (Fla. 2d DCA 1988); Breeding v. Yellow Cab Co., Inc. of St. Petersburg, 505 So.2d 655 (Fla. 2d DCA 1987); Grooms v. Garcia, 482 So.2d 407 (Fla. 2d DCA 1985).
Second, even though the trial court found that appellant's motion for mediation conference was not filed in bad faith, it is apparent from the record that his attorney had no intention of pursuing mediation as a possible alternative to resolving the case through litigation. Although he argued at the hearing that he had filed the motion in good faith, his subsequent actions or lack thereof do not suggest that he filed the motion as an affirmative act to hasten the suit to judgment but rather suggest that he passively filed it to keep the case on the docket. His failure to present any evidence at the hearing on the motion to dismiss further supports this conclusion. The attorney's action in this instance may properly be characterized as the manifestation of "an intention to act," but not actual record action. Norflor Construction Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987).
Finally, the trial court's dismissal of appellant's case should be affirmed because appellant failed to show good cause in writing at least five days before the hearing on *754 the motion to dismiss why the action should remain pending. Appellant's failure to show good cause before the hearing in compliance with rule 1.420(e) warrants a dismissal of the action. Govayra v. Straubel, 466 So.2d 1065 (Fla. 1985); Golden Triad Carriers, Inc. v. Paco American Corp., 553 So.2d 247 (Fla. 3d DCA 1989); Martinez v. Fuenmayor, 533 So.2d 935 (Fla. 3d DCA 1988); Hirsch v. Muldowney, 470 So.2d 766 (Fla. 3d DCA 1985).
AFFIRMED.
PETERSON and DIAMANTIS, JJ., concur.