QUINCE, Judge.
Maria Rosa appeals the dismissal of her wrongful death action for failure to prosecute. We reverse because the record contains activity within the year preceding the dismissal that would move the case forward toward a conclusion on the merits.
On February 5, 1988, Maria Rosa, as personal representative of the estate of her deceased husband, filed an action for wrongful death against Florida Power and Light. The amended complaint alleged that her husband was killed when a crane he was operating in the course of his employment came into contact with overhead power lines installed and maintained by Florida Power and Light. The case was vigorously litigated from the time the complaint was filed until February 18, 1992. On March 10, 1993, Florida Power filed a motion to dismiss for failure to prosecute. The trial court granted the motion after a hearing and Mrs. Rosa appeals.
Florida Rule of Civil Procedure 1.420(e) states:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
In Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991), the supreme court adopted the test set forth in Anthony v. Schmitt, 557 So.2d 656 (Fla. 2d DCA 1990), for determining whether discovery activity constitutes sufficient record activity to preclude dismissal for failure to prosecute. That approach allows the trial court to consider whether the activity is designed toward concluding the case on the merits or whether it is taken in bad faith to avoid the application of rule 1.420(e). See 557 So.2d at 660. The same inquiry is applicable in this instance.
The only record activity in the year preceding the motion to dismiss was a motion in limine filed by Mrs. Rosa on October 13, 1992. Florida Power had previously propounded a nine-part interrogatory to Mrs. Rosa concerning the role her religious affiliation with the Jehovah’s Witnesses played in her maintenance of this action. Mrs. Rosa objected to the interrogatories. The parties agreed to the entry of an order that Mrs. Rosa would not answer the interrogatory concerning her religion. Mrs. Rosa’s motion in limine sought to prohibit reference at trial to her religious beliefs.
Under these circumstances, we believe the motion in limine satisfies the Anthony test. A motion in limine is similar to a protective order in that it seeks to prohibit any reference to offending evidence at trial by first having its admissibility determined outside the presence of the jury. See 75 Am.Jur.2d Trial § 93. As such, it helps to shorten trial, simplify issues and reduce the possibility of mistrial, 75 Am.Jur.2d Trial § 94, and thereby moves the case toward a conclusion on the merits. See also de Richemont v. Osias, 516 So.2d 100 (Fla. 4th DCA 1987) (Letts, J., dissenting) (motion for protective order directed to interrogatories was sufficient meaningful activity to preclude dismissal for failure to prosecute). In addition, because the trial court had previously ordered that Mrs. Rosa was not required to answer the interrogatory concerning her religion, it was not bad faith for her to seek to have reference to her religious beliefs excluded at trial.
We therefore reverse the order dismissing the cause and remand for reinstatement of the complaint.
DANAHY, A.C.J., and FULMER, J., concur.