654 So.2d 1011 (1995)
AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Appellant,
v.
David S. HESS, Appellee.
No. 94-1880.
District Court of Appeal of Florida, First District.
May 12, 1995.
*1012 F.J. Manuel, Jr., of Sears & Manuel, P.A., Orlando, for appellant.
Edward M. Booth, Jr., of Booth & Arnold, P.A., Jacksonville, for appellee.
MICKLE, Judge.
This is an appeal from an order denying summary judgment and from a final order of dismissal for lack of prosecution. We affirm in part, reverse in part and remand.
This appeal arises out of a lawsuit against American Casualty Company of Reading, Pennsylvania (American Casualty), concerning the purchase of a used car from Motor City, an automobile dealership. It was alleged that American Casualty was liable on the basis of the statutory motor vehicle dealer surety bond it posted on behalf of Motor City.[1] American Casualty filed a third-party indemnity action against David Hess (Hess) (the director and general partner of Motor City) based on the indemnity agreement signed by Hess in conjunction with his application for the motor vehicle dealer bond. Hess answered the third-party complaint, denying the allegations and asserting the affirmative defense that when he applied for the bond he had no knowledge that he was executing a personal guaranty.
*1013 American Casualty moved for summary judgment with regard to the affirmative defense. In opposition to the motion for summary judgment, Hess filed an affidavit personally attesting that he executed the bond application in his capacity as president of Motor City, and not in his personal capacity. Hess also filed the affidavit of Pamela Hunt, who notarized the indemnity agreement. Hunt also attested that Hess executed the bond application in his capacity as president of Motor City. On December 18, 1992, Judge Henry Adams entered an order denying summary judgment.[2]
The record does not contain any record activity thereafter until December 1993, when American Casualty filed the following two documents relating to discovery: (1) a notice of production from non-party, directed to the insurance agent/agency who Hess alleged aided him in completing the bond application, filed December 17; and (2) a second request to produce, directed to Hess, filed December 20. In addition, on December 21, American Casualty filed a motion in limine seeking to exclude all parol evidence (including the two affidavits submitted in opposition to summary judgment) relied on by Hess in support of his affirmative defense.
On January 3, 1994, Hess filed a motion to dismiss for failure to prosecute. On May 2, 1994, American Casualty filed a showing of good cause in opposition to the motion to dismiss, attaching the affidavit of trial counsel who attested that (1) the discovery pleadings filed in December 1993 resulted in the production of documents, (2) the motion in limine contained substantial legal issues regarding Hess' sole affirmative defense, and (3) substantial non-record activity had occurred sufficient to preclude dismissal.
Following a hearing, which was not transcribed for purposes of this appeal, Judge Virginia Beverly entered a final order granting the motion to dismiss for failure to prosecute, finding that the December 1993 pleadings were filed "primarily to avoid dismissal." The order cited as authority Florida Rule of Judicial Administration 2.085(d)(1)(B), which provides that non-jury civil cases are to be concluded within twelve months from the date of filing.
We address first the denial of summary judgment. American Casualty contends that the affidavits submitted by Hess in opposition to summary judgment constituted inadmissible parol evidence and that summary judgment should have been granted on the basis that the bond application was unambiguous. We disagree. Where it is uncertain whether an instrument was intended to bind a signator in an individual or representative capacity, parol evidence is admissible to explain the ambiguity. See Puckett v. Codisco, Inc., 440 So.2d 596 (Fla. 2d DCA 1983). Herein, it cannot be said that the bond application and indemnity agreement unambiguously point to personal liability. As such, the trial court properly considered the affidavit of Hess for the purpose of determining whether summary judgment should have been granted on the affirmative defense. In turn, based on the statements made in the affidavit, summary judgment was properly denied. Hess raised an issue of fact regarding his exemption from personal liability. The issue of whether Hess executed the indemnity agreement in his representative or personal capacity was not ripe for summary adjudication. We therefore affirm the denial of the motion for summary judgment.
We reverse, however, the final order of dismissal for lack of prosecution. The Florida Supreme Court has provided the test for trial courts to apply when considering dismissal for failure to prosecute when some discovery has occurred during the last year: dismissal is appropriate only if the discovery is in bad faith and without design to move the case forward toward a conclusion on the merits. Del Duca v. Anthony, 587 So.2d 1306 (Fla. 1991). The court therein approved the Second District Court of Appeal's opinion in Anthony v. Schmitt, 557 So.2d 656 (Fla. 2d DCA 1990) that discovery should not be regarded as bad faith activity unless it is frivolous or clearly useless in the further prosecution of the case. Id.
*1014 In the case sub judice, the trial judge, in basing the dismissal solely on the finding that the pleadings were filed primarily to avoid dismissal, misapplied the test outlined in Del Duca. Applying the Del Duca standard, we conclude that the discovery pleadings filed by American Casualty in December 1993 served, albeit by a thin margin, to avoid dismissal. The discovery requests were designed to assist in moving the case toward a conclusion on the merits. The record does not support a determination that the activity was frivolous or useless or otherwise taken in bad faith. Moreover, the motion in limine constituted sufficient meaningful activity to preclude dismissal. See Rosa v. Florida Power & Light Co., 636 So.2d 60 (Fla. 2d DCA 1994). Accordingly, we reverse the order of dismissal for lack of prosecution and remand for further proceedings.
AFFIRMED in part, REVERSED in part, and REMANDED.
WEBSTER and BENTON, JJ., concur.
NOTES
[1] The plaintiffs are not parties to this appeal.
[2] The record reflects the order was not filed until December 21, 1992.