693 So.2d 91 (1997)
Joan WILCOX, Appellant,
v.
A. Reynolds MORSE, Michael Ward Stout, and Albert Field, Appellees.
No. 96-02859.
District Court of Appeal of Florida, Second District.
May 7, 1997.
Robert H. Dillinger, St. Petersburg, for Appellant.
Thomas E. Reynolds of Law Offices of Edward D. Foreman, P.A., St. Petersburg, for Appellees A. Reynolds Morse and Michael Ward Stout.
Paul Castagliola of Riden, Earle & Kiefner, P.A., St. Petersburg, for Appellee Albert Field.
PER CURIAM.
The appellant, Joan Wilcox, challenges the trial court's final order granting a motion to dismiss for lack of prosecution filed by appellees, A. Reynolds Morse, Michael Ward Stout, and Albert Field. We agree with appellant that the trial court erred by ruling that no sufficient record activity existed within one year to withstand the appellee's motion to dismiss.
Appellant filed suit against appellees on August 8, 1989, claiming breach of contract. The last pleading filed, before appellant filed a motion to abate on August 14, 1995, occurred on November 2, 1994, at which time appellees filed answers to appellant's amended complaint and an objection and motion to strike a notice of hearing on appellant's motion for default. A notice of hearing on appellant's motion to abate was filed on August 18, 1995, and an amended notice of hearing was then filed on October 16, 1995. Appellees Morse and Stout filed a motion to dismiss for lack of prosecution on November 29, 1995, and appellee Field filed the same on December 6, 1995, claiming that no record activity had occurred within one year. Appellees argued that appellant's motion to abate could not be considered record activity and thus the last affirmative activity was the November 2, 1994, filing by appellees.
*92 The trial court denied the appellant's motion to abate on December 8, 1995, and then entered an order granting appellees' motion to dismiss for lack of prosecution on June 13, 1996. Appellant timely filed a notice of appeal.
The issue is whether any record activity occurred within the one year period to defeat the appellee's motion to dismiss for lack of prosecution. We hold that the notice of hearing on appellant's motion to abate, filed with the court within the one year time period, constituted sufficient record activity.
Florida Rule of Civil Procedure 1.420(e) states that, absent a showing of good cause, if no activity on the record, by filing of pleadings, order of court, or otherwise, has occurred for a period of one year, the cause shall be dismissed by the court on its own motion or on the motion of any interested person. Record activity has been held to be "more than a mere passive effort" to keep the case on the docket. Eastern Elevator, Inc. v. Page, 263 So.2d 218, 220 (Fla.1972). The activity must be designed to advance the case toward conclusion. Id.
In Grooms v. Garcia, 482 So.2d 407 (Fla. 2d DCA 1985), this court held that a notice of trial or hearing is sufficient activity to avoid the effect of a motion to dismiss under rule 1.420(e). Appellees in this case argue that because the notice of hearing was set on the motion to abate and since such motion is designed to only postpone the conclusion of the case, the notice of hearing on such motion cannot be considered record activity. However, as the Grooms case held, a notice of hearing allows a ruling on a motion to be made, advancing the case toward conclusion. Grooms, 482 So.2d at 408. Thus, a notice of hearing is the type of record activity that precludes dismissal under rule 1.420.(e) See also Jones v. Garcia, 536 So.2d 277 (Fla. 2d DCA 1988); Breeding v. Yellow Cab Co., Inc., 505 So.2d 655 (Fla. 2d DCA 1987)(both cases holding that a notice of hearing is sufficient record activity to preclude dismissal based on lack of prosecution).
Other districts have held the same. In Gelb v. Miranda, 456 So.2d 548 (Fla. 3d DCA 1984), the Third District held that a notice of hearing is sufficient record activity to defeat a motion for lack of prosecution. The Fifth District stated that a motion for mediation, standing alone, was not record activity implemented to advance the case forward to a conclusion. Heinz v. Watson, 615 So.2d 750 (Fla. 5th DCA 1993). However, the court went on to state that if appellant's attorney had set the matter for hearing, dismissal of the case would not have been justified. Id. at 753 (emphasis added).
Since the last filing before the motion to abate occurred on November 2, 1994, appellant's notice of hearing regarding the motion to abate, filed on August 18, 1995, fell within the one year rule. The trial court erred by stating that based on the appellant's motion to abate, no record activity had occurred to preclude the granting of appellees' motion to dismiss for lack of prosecution. The trial court should have looked to the date the notice of hearing was filed.
The notice of hearing constituted record activity and fell within the one year time period. As such, the trial court erred in granting appellees' motion to dismiss for lack of prosecution. Accordingly, we reverse.
Reversed and remanded.
CAMPBELL, A.C.J., and SCHOONOVER and FULMER, JJ., concur.