GRIFFIN, Chief Judge.
This is the appeal of an order dismissing the suit below for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). There was a single item of record activity by the plaintiffs below within the year preceding the filing of the motion to dismiss, consisting of a notice of service of plaintiffs’ second Request for Production of documents. It was served six days before the anniversary date of the last record activity-
' The appellees’ motion to dismiss urged that the discovery undertaken by the plaintiff at the eleventh hour was made “in bad faith and without any design to move the case forward toward a conclusion on the merits.” The lower court agreed and dismissed the case. We reverse.
The plaintiffs’ first request for production had been served in 1994. It simply requested any report from any expert the defendant expected to call at trial and “all medical records of Gregory Allen which are in your possession_” The second Request for Production sought discovery of all documents that the defendants had received from several individuals or entities that were involved with the plaintiffs ongoing care. Some of the requested documents had been produced to the plaintiff in 1988 but some of the documents requested in the second request had been obtained by the appellees approximately one year earlier through the Rule 1.351 “production of documents and things without deposition” procedure. Given that the requested documents were not in the appellees’ possession until after they were obtained in 1995, given that the appellees found the documents significant enough that they themselves undertook to obtain them through non-party discovery, and given the nature of the documents requested, there can be little doubt that obtaining the documents was calculated to advance the case and was not duplicative of the earlier request.[1]
Although we do not disagree with the lower court’s conclusion that the October 4, 1996 request for production was designed to keep the suit on the docket, it is by now clear that where the record activity does advance the case towards disposition, dismissal is improper. Del Duca v. Anthony, 587 So.2d 1306, 1308-9 (Fla.1991), approving Anthony v. Schmitt, 557 So.2d 656, 659 (Fla. 2d DCA 1990); American Casualty Co. v. Hess, 654 So.2d 1011, 1013 (Fla. 1st DCA 1995); Bush v. Univest Real Estate Corp., 636 So.2d 565 (Fla. 3d DCA 1994); Cristancho v. Village Homes in Bonaventure Homeowners Ass’n, 580 So.2d 658 (Fla. 4th DCA 1991).
The lower court apparently found it significant that almost a year had passed since the time the appellees had obtained these documents through non-party discovery, but this delay cannot be a basis to dismiss the case. The rule gives the plaintiff a year within which to act. Failing to act for almost a year is not evidence that the filing was in bad faith. It would be the rare ease where a filing shortly before the one-year deadline was not designed to keep the ease alive.
Appellees similarly urge that the dismissal was proper because the record shows that, when the appellees failed to serve a response to the second request and failed to produce the requested documents, appellants failed to seek to compel discovery. Appel- *170 lees rely for this proposition on Heinz v. Watson, 615 So.2d 750, 752 (Fla. 5th DCA), review denied, 624 So.2d 266 (Fla.1993). Heinz is not controlling in this case, however, because that case involved a unique circumstance where the record activity at issue was the filing of a motion for mediation conference. This court concluded that the mere filing of such a motion did not constitute record activity designed to advance the cause. The court concluded that in order for such a motion to constitute record activity, further action was required. In this case, the request for production is, in and of itself, the kind of record activity designed to advance a suit to conclusion. This should be an objective standard, where possible, not a subjective one that probes the plaintiffs motives. We also are unwilling to allow the appellee to benefit from its own failure to comply with the rules of discovery.
While we sympathize with the lower court’s frustration with the lack of effort expended during the proceeding year in bringing the plaintiffs’ claims to conclusion, the dismissal cannot be sustained. The minimum requirements of the rule have been met and it was error to dismiss the suit. Accordingly, we reverse and remand for further proceedings.
REVERSED and REMANDED.
GOSHORN and ANTOON, JJ., concur.

. In the second request, appellant again requested any reports from any expert the defendants expected to call at trial. Although this was a repetitive request since it had been requested previously, it was not necessarily duplicative.