726 So.2d 854 (1999)
Lemuel L. COLE, Appellant,
v.
DEPARTMENT OF CORRECTIONS, Michael Henderson, et al., Appellees.
No. 97-1962
District Court of Appeal of Florida, Fourth District.
February 10, 1999.
*855 Lemuel L. Cole, Immokalee, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Charles M. Fahlbusch, Assistant Attorney General, Fort Lauderdale, for appellees.
PER CURIAM.
The appellant, a prison inmate, challenges the dismissal of his complaint for lack of prosecution under Florida Rule of Civil Procedure 1.420(e). We reverse, finding that there was sufficient record activity to prevent dismissal.[1]
Appellant filed a complaint against the appellees on October 6, 1992, for malicious prosecution. In June of 1994, the appellees sought dismissal of appellant's complaint because he failed to provide notice to the Department of Insurance, as required by statute. See § 768.28(7), Fla. Stat. (1991). However, appellant maintained that he had given the requisite notice and, as a result, moved to strike the appellees' motion. Although appellant sent a letter to the presiding judge on July 23, 1995, in an attempt to set a hearing on the pending motions, no such hearings were ever held. In addition, there was no further record activity until July 8, 1996, when the appellees moved to dismiss appellant's complaint for lack of prosecution, which the trial court granted after a telephonic hearing.
A trial court's dismissal of a complaint for failure to prosecute will not be reversed absent an abuse of discretion. See Magers v. Walker's Cay Air Terminal, Inc., 451 So.2d 867, 868 (Fla. 4th DCA 1984). Florida Rule of Civil Procedure 1.420(e) provides that, "[a]ll actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed." "Record activity" is an "act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment." Barnett Bank of East Polk County v. Fleming, 508 So.2d 718, 720 (Fla.1987). In F.X. Smith v. Broward County, 654 So.2d 1297, 1298 (Fla. 4th DCA 1995), we held that a letter to the judge requesting a trial date is sufficient record activity to avoid dismissal. *856 Similarly, in Wilcox v. Morse, 693 So.2d 91, 92 (Fla. 2d DCA 1997), the second district held that a notice of hearing also serves as sufficient activity to avoid the effect of a motion to dismiss under rule 1.420(e). See also Heinz v. Watson, 615 So.2d 750, 753 (Fla. 5th DCA), rev. denied, 624 So.2d 266 (1993); Gelb v. Miranda, 456 So.2d 548, 549 (Fla. 3rd DCA 1984).
In this case, appellant sent a letter to the judge requesting a hearing on the pending motions within one year prior to the filing of the motion to dismiss. This request constituted sufficient record activity, and as such, the trial court erred in granting the appellees' motion to dismiss for lack of prosecution. Accordingly, we reverse and remand for proceedings consistent with this opinion.
STONE, C.J., GUNTHER and WARNER, JJ., concur.
NOTES
[1] Although the order granting the motion to dismiss the complaint for failure to prosecute failed to contain all of the words of finality necessary under Dobrick v. Discovery Cruises, Inc., 581 So.2d 645 (Fla. 4th DCA 1991), it is clear that the order constituted an end to any further judicial labor. While the plaintiff tried to secure a final order, given his prisoner status he has had no opportunity to press the issue with the trial judge who has not responded to his request for a final order. Under these circumstances and because it is clear that there remains no judicial labor, we address the merits.