743 So.2d 578 (1999)
Joanne KEARNEY, Appellant,
v.
Betty ROSS and Dolores Travalca, Appellees.
No. 98-4248.
District Court of Appeal of Florida, Fourth District.
September 17, 1999.
*579 Arianne Bombalier Suarez and G. Ware Cornell, Jr., of G. Ware Cornell, Jr., P.A., Fort Lauderdale, for appellant.
No brief filed for appellees.
SHAHOOD, J.
Appellant, Joanne Kearney, as Curator of the Estate of Mary Woolerick, Deceased, appeals from a Final Order of Dismissal entered by the trial court for lack of prosecution. We reverse and remand and direct the trial court to reinstate appellant's cause of action.
In December 1992, appellant filed a complaint for turnover of assets, accounting, and other relief alleging that appellees, Betty Ross and Dolores A. Travalca, were in possession of certain assets belonging to decedent, Mary Woolerick.
Early in the proceedings, appellant commenced discovery by propounding requests for production upon appellees. On May 22, 1997, the trial court, sua sponte, filed a Motion, Notice and Hearing of Dismissal requesting that good cause be shown why appellant's action should not be dismissed for lack of prosecution for a period of one year. As good cause, appellant indicated that a Notice for Trial was filed with the court on February 9, 1996, and the case was set for the trial period commencing September 22, 1997. On September 4, 1997, appellant moved for a ninety-day continuance of trial. Counsel explained that a continuance was required due to differences with his client and that additional time was necessary in order to complete out-of-town discovery. The motion was denied without prejudice if substitution of counsel took place prior to trial, otherwise the court would reconsider the motion; the court also ordered mediation. On October 8, 1997, appellant filed another motion to continue trial due to the substitution of new counsel and to reschedule trial; said motion was granted on October 17, 1997. On October 21, 1997, a stipulation for substitution of counsel was filed.
Thereafter, on May 26, 1998, the matter was set for a case management conference to be held on June 5, 1998, and on September 14, 1998, appellant responded to the court's Motion, Notice and Hearing of Dismissal. The motion was signed on September 9, 1998, but filed September 17, 1998. As good cause, appellant noted that she filed a Motion to Continue trial on October 8, 1997, which was granted by *580 Order filed October 17, 1997.[1][2] This was the last record activity in this case. Further, she maintained that she had filed a re-notice for trial,[3] and that she was in the process of obtaining records from the IRS which were necessary to the action. The lack of prosecution hearing was rescheduled due to the approach of Hurricane Georges and held on October 28, 1998. Following said hearing, the court entered a Final Order of Dismissal on the following grounds:
There was no record activity from February 8, 1996, other than motion to continue, motion to withdraw and this Court's own motions (2) to dismiss for lack of prosecution and a case management conference set down by this Court. Parties were ordered to mediation on September 17, 1997, but have, to date, failed to do so. There now being one year passing since the motion to continue was granted and only this Court's Orders for case management and motion to dismiss for lack of prosecution, and this being a 1992 case, this case is now dismissed.
A trial court's dismissal of a complaint for failure to prosecute will not be reversed absent an abuse of discretion. See Cole v. Department of Corrections, 726 So.2d 854 (Fla. 4th DCA 1999). Florida Rule of Civil Procedure 1.420(e) provides that all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed unless good cause is shown in writing. "`Record activity' is an `act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment."' See id. (quoting Barnett Bank of East Polk County v. Fleming, 508 So.2d 718, 720 (Fla.1987)). There must be something more than a mere passive effort to keep the suit on the docket of the court. See Toney v. Freeman, 600 So.2d 1099 (Fla.1992); Anthony v. Schmitt, 557 So.2d 656 (Fla. 2d DCA 1990), approved, Del Duca v.. Anthony, 587 So.2d 1306 (Fla. 1991). To defeat a motion to dismiss for lack of prosecution on the ground of record activity within one year prior to filing of the motion to dismiss, it must be shown that there was affirmative record activity during this time by pleading or order which was reasonably calculated to advance the case toward resolution. See Overseas Dev., Inc. v. Amerifirst Fed. Sav. and Loan Ass'n, 433 So.2d 587, 588 (Fla. 3d DCA), petition for review dismissed, 438 So.2d 833 (Fla.1983).
The "one year" period specified in rule 1.420(e) is to be measured by calculating the time between the date of the last record activity and the date of filing the motion to dismiss. See Florida East Coast Ry. Co. v. Russell, 398 So.2d 949, 950 (Fla. 4th DCA), review denied, 411 So.2d 381 (Fla.1981).
In calculating the time between the date of the last record activity and the date of the filing of the motion to dismiss, we hold that the trial court was premature in dismissing the action. In this case, the date of the last record activity in the case was the court's October 17, 1997 Order granting appellant's motion to continue. In said order, the court directed the parties to renotice the case for trial. The court's first motion to dismiss was filed September 17, 1998 (although it was signed September 9, 1998). Appellant's notice of good cause was filed on September 14, 1998. A subsequent motion to dismiss was filed on October 9, 1998. Hence, only eleven months passed between the October 17, 1997 Order and the court's *581 September 17, 1998 motion to dismiss. Even though the actual hearing was conducted on October 28, one year had not elapsed as required under rule 1.420(e), in order to dismiss the action for failure to prosecute.
We accordingly reverse and remand with directions to reinstate appellant's cause of action.
REVERSED AND REMANDED.
DELL and STONE, JJ., concur.
NOTES
[1] While the order was signed on October 16, 1997, it was filed on October 17, 1997.
[2] Appellant's motion incorrectly references the date of her Motion to Continue as October 7, 1998, instead of October 8, 1997.
[3] Such re-notice for trial would have been sufficient evidence of record activity; however, the re-notice is not a part of the record on appeal.