858 So.2d 378 (2003)
Magdalena, FLOREZ, Appellant,
v.
The CITY OF MIAMI, Appellee.
No. 3D02-3304.
District Court of Appeal of Florida, Third District.
November 5, 2003.
Robert Rubinstein, Fort Lauderdale, and Kenneth S. Spiegelman, for appellant.
Alejandro Vilarello, City Attorney, and Henry Hunnefeld and Regine Monestime, Assistant City Attorneys, for appellee.
Before GERSTEN, RAMIREZ, and SHEPHERD, JJ.
PER CURIAM.
We have for review an Order Denying Plaintiff's Motion to Reinstate. For the following reasons, we affirm.
Plaintiff's initial premises liability complaint was filed in November of 1996. On *379 August 11, 1999, defendant City of Miami filed a motion for summary judgment, motion to dismiss, or in the alternative, motion for judgment on the pleadings, on the basis that plaintiff failed to provide the city with proper written notice pursuant to section 768.28, Florida Statutes (1995). The trial court granted the motion, with leave for plaintiff to amend her complaint to allege estoppel and/or waiver of notice. Plaintiff filed a fourth amended complaint, to which defendant moved to dismiss. Before that motion could be heard, plaintiff filed a fifth amended complaint, which was likewise met with a motion to dismiss. On April 27, 2000, the trial court entered an order striking the case from the trial calendar because defendant's motion to dismiss had not been heard and the case was not at issue. In that order, the court stated that the case could only be re-noticed "after the case is at issue and in conformance with the Rules of Civil Procedure."
The only record activity over the next two years arose from plaintiff setting the case for trial on multiple occasions, even though the motion to dismiss remained pending and the case was still not at issue. See Fla. R. Civ. P. 1.440(a). On August 6, 2002, the court, sua sponte, entered a motion, notice, and judgment of dismissal pursuant to Florida Rule of Civil Procedure Rule 1.420(e). Plaintiff filed a motion to reinstate the case. Plaintiff appeals from the denial of that motion.
As every action taken by plaintiff since April 27, 2000, was in violation of the court's order striking the case, the trial court acted within its discretion in dismissing plaintiff's claim for failure to prosecute under Florida Rule of Civil Procedure Rule 1.420(e). To defeat a motion to dismiss for failure to prosecute, "it must be shown that there was affirmative record activity during this time by pleading or order which was reasonably calculated to advance the case toward resolution". Kearney v. Ross, 743 So.2d 578, 580 (Fla. 4th DCA 1999) A trial court "has discretion to dismiss an action when the only record activity for the previous year was bad faith activity, which means activity that is `frivolous or clearly useless' to further prosecute the case." Ezell v. Century 21 of the Southeast, 615 So.2d 273, 274 (Fla. 5th DCA 1993) (quoting Anthony v. Schmitt, 557 So.2d 656, 662 (Fla. 2d DCA 1990)). Under these facts, the trial court did not abuse its discretion in finding that plaintiff's actions, which were in violation of a court order, did not constitute affirmative record activity that were reasonably calculated to advance the case toward resolution.
Affirmed.