WELLS, Judge.
After losing an indemnification action, Dollar Systems, Inc., brought the instant action for attorney malpractice against its trial counsel. Here, Dollar appeals the summary judgment entered in the law firm’s favor. The law firm (not counsel in this appeal) cross appeals, arguing that while, initially, the trial court correctly dismissed the malpractice action for failure to prosecute, the court thereafter erred when it vacated that ruling. We conclude that the case should have been dismissed for lack of prosecution and reverse the order on cross appeal making it unnecessary to reach the points raised in the main appeal.
Florida Rule of Civil Procedure 1.420(e) provides:
Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
This rule expressly provides that an action shall be dismissed if it appears from the face of the record that no activity has occurred within the past year. As the Florida Supreme Court has made clear, this “requires only a review of the record. There is either activity on the face of the record or there is not. If a party shows that there is no activity on the face of the record, then the burden moves to the non-moving party to demonstrate ... one of the three bases that would preclude dismissal. ...” Metro. Dade County v. Hall, 784 So.2d 1087, 1090 (Fla.2001).
The face of the record in this case reveals no activity between June 12, 2000, when Dollar noticed the taking of William *297 Lemos’ deposition, and June 18, 2001, when the law firm filed its 1.420(e) motion. Thus, the burden shifted to Dollar to demonstrate either a stipulation staying the action approved by the court, a stay order, or good cause why the action should remain pending. Hall 784 So.2d at 1090. Dollar attempted to demonstrate good cause by pointing to Lemos’ deposition which both parties concede was actually taken on June 23, 2000. See Hall, 784 So.2d at 1091 (holding that taking a deposition constitutes “good cause to avoid dismissal [under rule 1.420(e) ] ... [if] made in good faith to move the ease forward to a conclusion.... ”).
The law firm maintains that while its motion to dismiss was premature, the case nonetheless should have been dismissed because there was no activity designed to move the case forward for one year after June 23, 2000 (the date of Lemos’ deposition).[1] Dollar seeks to avoid this result arguing first that it filed Lemos’ deposition on June 18, 2001, within one year of its taking and second that the time for reading and signing the deposition extended the one year period beyond June 23, 2001. We disagree with both contentions.
Record activity sufficient to avoid dismissal is more than “a mere passive effort” to keep the suit on the court docket. It is “any act reflected in the court file ... designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment.” Barnett Bank of East Polk County v. Fleming, 508 So.2d 718, 720 (Fla.1987); Florez v. City of Miami, 858 So.2d 378, 379 (Fla. 3d DCA 2003) (observing that to defeat a motion to dismiss for failure to prosecute, “it must be shown that there was affirmative record activity during this time by pleading or order which was reasonably calculated to advance the case toward resolution”)(citing Kearney v. Ross, 743 So.2d 578, 580 (Fla. 4th DCA 1999)).
Dollar cites to Eastern Elevator, Inc. v. Page, 263 So.2d 218, 219 (Fla.1972), and argues that just as the filing of interrogatories was sufficient activity for the plaintiff to avoid dismissal in that case, the filing of Lemos’ deposition in the instant case also precludes dismissal. However, Dollar acknowledges that at the time Eastern Elevator was decided, the rule as to discovery filings was different, and that the filing of interrogatories was a required act. Dollar maintains that as observed in Hall, 784 So.2d at 1090 n. 3, the rule change deleting automatic filing of discovery was no more than a “housekeeping matter” which should not lead to a different result here.
Clearly, as observed in Hall, “[t]he intent of the amendment was to relieve the document storage burden experienced by Florida courts while maintaining integrity of court records.... The change of the record activity status of depositions was ... a collateral consequence.” Id. Nonetheless, the rule change did make such a filing unnecessary and, in fact, unauthorized unless the conditions now stated in the rule exist.[2]
*298 More to the point, the Florida Supreme Court in Hall confirmed that neither the taking nor the filing of a deposition, or any discovery, avoids dismissal for lack of prosecution unless these activities are undertaken “in good faith to move the case forward to a conclusion.” Id. at 1091; see also Del Duca v. Anthony, 587 So.2d 1306, 1309 (Fla.1991) (trial court must determine whether discovery was filed in bad faith and without any design to move the case forward toward a conclusion on the merits); Florez, 858 So.2d at 379 (citations omitted)(observing “[a] trial court ‘has discretion to dismiss an action when the only record activity for the previous year was bad faith activity, which means activity that is ‘frivolous or clearly useless’ to further prosecute the case’ ”); Sheen v. The Time Inc. Magazine Co., 817 So.2d 974, 977 (Fla. 3d DCA 2002) (concluding that documents filed of record concerning discovery “may, but do not always, constitute sufficient record activity”); Otero v. Gastroenterology Group of South Florida, P.A., 710 So.2d 148, 149 (Fla. 3d DCA 1998)(“[n]ot every document filed in a court file qualifies as record activity”).
While it was undisputed that the taking of Lemos’ deposition clearly constituted activity designed to move the case forward to conclusion, there was no evidence that its filing almost a year later did anything to advance that goal. The record confirms that the deposition was not filed to address any matter pending before the court as currently required by Florida Rule of Civil Procedure 1.310(f). Rather it was filed solely in response to the law firm’s premature motion to dismiss. Thus, we conclude that while the filing of a notice of deposition has been held sufficient record activity to avoid dismissal, and the taking of a deposition may establish good cause by which to avoid dismissal, Hall, 784 So.2d at 1091, the instant filing of a deposition for no purpose and in contravention of Rule 1.310(f), is neither sufficient record activity nor good cause to avoid dismissal. See National Enters., Inc. v. Foodtech Hialeah, Inc., 777 So.2d 1191 (Fla. 3d DCA 2001) (confirming that neither filings that constitute nullities nor filings made for the purpose of avoiding dismissal circumvent a rule 1.420(e) dismissal).[3]
We also reject Dollar’s argument that Lemos’ deposition was not concluded for rule 1.420(e) purposes until the time for reading and signing had expired (according to Dollar, August 9, 2000). The record reflects that the deposition was “concluded” on June 23, 2000, and although Lemos *299 was given the opportunity, he neither read nor signed the deposition. This unexer-cised right did not make this deposition any less concluded. There was simply no purposeful use of the deposition within a year of its taking.[4]
In sum, Dollar’s filing of the Lemos deposition, which accompanied its response to the law firm’s motion to dismiss and which served no purpose, in no manner hastened the suit to final resolution, and in so failing, was insufficient as either record activity or as a basis for finding good cause not to dismiss. Accordingly, we reverse the order vacating the trial court’s earlier dismissal of the action and remand for reinstatement of the dismissal. This determination makes our consideration of the points raised in the main appeal unnecessary.
Reversed and Remanded.

. The filing of the motion to dismiss was not record activity and does not deprive the law firm of claiming no record activity from June 23, 2000 to June 23, 2001 rather than from June 12, 2000 to June 13, 2001. See Barnett Bank of East Polk County v. Fleming, 508 So.2d 718, 719-20 (Fla.1987)(concluding that movant's premature motion to dismiss did not constitute record activity which would prevent the movant's ultimate right to a dismissal. Moreover, "[as] long as the motion is not ruled upon until after the expiration of the one-year period, ... it is unnecessary to file a second or subsequent motion”).

. Florida Rule of Civil Procedure 1.310(f), provides:

Filing; Exhibits.

*298 [[Image here]]
(3) A copy of a deposition may be filed only under the following circumstances:
(A) It may be filed by a party or the witness when the contents of the deposition must be considered by the court on any matter pending before the court. Prompt notice of the filing of the deposition shall be given to all parties unless notice is waived. A party filing the deposition shall furnish a copy of the deposition or the part being filed to other parties unless the party already has a copy.
(B) If the court determines that a deposition previously taken is necessary for the decision of a matter pending before the court, the court may order that a copy be filed by any party at the initial cost of the party.
(Emphasis added).

. Other than noting the filing of Lemos' deposition, citing to Hall, and arguing that the deposition was not concluded until it had been read and signed, Dollar made no attempt to demonstrate good cause to avoid dismissal. See Foodtech Hialeah, Inc., 777 So.2d at 1195 (stating that a showing of good cause requires some contact with the opposing party and some form of excusable conduct or occurrence which arose other than through negligence or inattention to pleading deadlines).

. Rule 1.310(e) governing reading and signing, in pertinent part, provides:
... Any changes in form or substance that the witness wants to make shall be listed in writing by the officer with a statement of the reasons given by the witness for making the changes. The changes shall be attached to the transcript. It shall be signed by the witness unless the parties waived the signing or the witness is ill, cannot be found, or refuses to sign. If the transcript is not signed by the witness within a reasonable time after it is furnished to the witness, the officer shall sign the transcript and state on the transcript the waiver, illness, absence of the witness, or refusal to sign with any reasons given therefor. The deposition may then be used as fully as though signed unless the court holds that the reasons given for the refusal to sign require rejection of the deposition wholly or partly, on motion under rule 1.330(d)(4).