SHEPHERD, J.
Appellant, the plaintiff below, appeals from an order dismissing her medical malpractice action with prejudice under Fla. R. Civ. P. 1.420(e). We have jurisdiction, Art. V, § 4(b)(1), and affirm with the reservation that the dismissal should have been a dismissal without prejudice.[1]
*881 On April 14, 2003, the appellee/co-defen-dant, Dr. Ileana Romero-Bolumen, filed a motion to dismiss for failure to prosecute. The motion was filed subsequent to the filing by the plaintiff of a notice of taking the deposition of appellee/co-defendant Dr. Eduardo Bolumen just a week earlier. The deposition never occurred. Following two hearings, the motion to dismiss for failure to prosecute was granted on November 25, 2003.
Rule 1.420(e) states:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
As explained by the Florida Supreme Court in Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991), the determination of whether or not a case should be dismissed for lack of prosecution is a two step process: “First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed.” Id. at 1308-09. The issue in this case involves only the first step since it is clear that the notice of taking deposition was filed within the year preceding the motion.
Although a showing of record activity can prevent dismissal of an action under Rule 1.420(e), the existence of such activity does not automatically redeem a plaintiff from her inattention to an action in all cases. In Del Duca, the Florida Supreme Court went on to say that a trial court could nevertheless dismiss an action under Rule 1.420(e) where otherwise facially redeeming record activity appears within the one-year period “if the discovery is in bad faith and is also ‘without any design’ to move the case forward toward a conclusion on the merits.” Del Duca, 587 So.2d at 1309 (citations omitted). We have had occasion to apply this principle. See, e.g., National Enters., Inc. v. Foodtech Hialeah, Inc., 777 So.2d 1191 (Fla. 3d DCA 2001) (filing of two notices of hearing directed to a motion already disposed of by the trial court not sufficient record activity to prevent dismissal); Dollar Sys., Inc. v. O’Connor & Meyers, P.A., 883 So.2d 295 (Fla. 3d DCA 2004) (the filing of a deposition transcript which served no purpose fails the requirement of “more than ‘a mere passive effort’ ”).
In the instant case, the appellees contend that the record activity proffered by the plaintiff[2] fails to pass the “mere passive effort” threshold. We agree. At the first hearing held on the motion, plaintiffs counsel candidly admitted that he *882 filed the notice because he “knew the year was coming up.” While that admission cannot be dispositive of the failure to prosecute issue since there is nothing wrong per se in a plaintiff taking an action that avoids the effect of the rule, cf. National Enterprises, 777 So.2d at 1196 n. 8 (Schwartz, C.J., specially concurring), counsel here further admitted that the deposition did not proceed because he was unable to fulfill certain discovery obligations to the defendant[3] that he recognized had to be fulfilled before he could take the noticed deposition. Although the trial court was initially inclined to give the plaintiff the benefit of the doubt on its “good faith” argument, it finally dismissed the case after counsel again came up dry on securing client cooperation in necessary pre-deposition discovery. We do not have the benefit of a transcript from the second hearing, but we can only conclude that those proceedings solidified the trial court’s ultimate conclusion that the notice was filed in bad faith.
Whether or not record activity proffered by an adversely affected party to keep an action on the docket in the face of a challenge that it is impermissible “passive activity” is committed to the sound discretion of the trial court, whose decision will not be disturbed absent an abuse of discretion. Seabury v. Cheminova, Inc., 868 So.2d 625 (Fla. 2d DCA 2004). The losing party has the burden to fulfill this burden. We conclude that there is sufficient evidence in the record before us from which the trial court could conclude, as we presume must have occurred,[4] that counsel for appellant knew at the time he filed the notice of taking deposition that it could not go forward. See Barnett Bank of E. Polk County v. Fleming, 508 So.2d 718, 720 (Fla.1987) (dismissal appropriate where proffered activity was not “[an] act ... designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment”); See also Florez v. City of Miami, 858 So.2d 378, 379 (Fla. 3d DCA 2003) (in order to defeat a motion to dismiss for failure to prosecute, “it must be shown that there was affirmative record activity ... by pleading or order which was reasonably calculated to advance the case toward resolution”) (citing Kearney v. Ross, 743 So.2d 578, 580 (Fla. 4th DCA 1999)).
For the foregoing reasons, we affirm the dismissal of this case for lack of prosecution.

. A dismissal for failure to prosecute may not be entered with prejudice. Gold Coast Graph *881 ics, Inc. v. Rachline, 448 So.2d 544 (Fla. 3d DCA 1984) (citing McDaniel v. Onkey, 422 So.2d 70 (Fla. 2d DCA 1982)).

. We note that plaintiff also sought absolution from the dismissing effect of Rule 1.420(e) by pointing to a motion to lift a six-month stay of the lower court proceeding that had resulted from an insurer insolvency. However, the stay had expired by its terms before the filing on the motion. This filing is insufficient to redeem the plaintiff from a dismissal. National Enters., 777 So.2d at 1193 ("valid” activity that advances cause required).

. Counsel had been unable to locate and communicate with his client for a lengthy period.

. See National Enters., 777 So.2d at 1195 ("In the absence of a transcript ..., we cannot conclude that the court abused its discretion and the presumption of correctness which attaches to the lower court's order of dismissal must remain intact”).