467 So.2d 1068 (1985)
Percival PHILIPS, Appellant,
v.
MARSHALL BERWICK CHEVROLET, INC., a Florida Corporation, Appellee.
No. 84-2031.
District Court of Appeal of Florida, Fourth District.
April 24, 1985.
Rehearing and Clarification Denied May 20, 1985.
*1069 Kenneth J. Carusello and James D. Adams of Quinton, Lummus, Dunwody & Adams, P.A., Miami, for appellant.
Bruce J. Sperry of Law Offices of Davis & Feig, Miami, for appellee.
PER CURIAM.
The issue in this case is whether appellant Philips's interrogatories to appellee Berwick was sufficient record activity to preclude dismissal for failure to prosecute, pursuant to Florida Rule of Civil Procedure 1.420(e).
The record activity during the year in question was as follows:

 May 21, 1984 Motion for Substitution of
 Counsel and Notice of Hearing
 for same motion.
 June 27, 1984 Agreed Order on Motion for
 Substitution.
 July 7, 1984 Notice of Attorney's Lien.
 August 10, 1984 Interrogatories propounded to
 defendant.

The interrogatories filed by Philips consisted of two questions. The first question asked Berwick to reveal whether Philips was ever one of its employees, the date of such employment, and the salary and manner of payment. The second question asked whether Berwick paid Philips anything in July of 1981, and, if so, how much and what for. These questions, seeking information of a most elementary nature, constitute the critical activity of the most recent year of a two-year old law suit.
Florida Rule of Civil Procedure 1.420(e) provides:

Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute. [Emphasis supplied.]
The last sentence was added in 1976. In 1972 the Florida Supreme Court in Eastern Elevator Inc. v. Page, 263 So.2d 218 (Fla. 1972), held the filing of interrogatories by a defendant within one year prior to the defendant's motion to dismiss was sufficient record activity to justify denial of the motion to dismiss, even though plaintiff failed to answer the interrogatories.
Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90 (Fla. 1st DCA 1979), involved a one question interrogatory to defendants for an up-date to prior interrogatories. The First District Court of Appeal approved the trial court's finding that this activity did not move the case towards resolution and was merely to keep the case on the docket, supra at 94. Because of other record activity, however, the dismissal was reversed. Harris, supra, can be narrowly read as holding only that repetitious or duplicitous discovery activity is insufficient. On the other hand, it could be broadly construed as holding that trial courts should examine the quality of discovery efforts to determine whether they advanced the cause.
We believe, however, the effect of the 1976 amendment is to lay down a bright line rule with respect to discovery efforts. They are sufficient to preclude dismissal unless they are patently repetitious. As stated in American Salvage and Jobbing Co. v. Salomon, 367 So.2d 716, 717 (Fla. 3d DCA 1979):
It is obvious that the effect of the amendment is to preclude a trial court from exercising its supposed inherent, discretionary power to dismiss a case for failure to prosecute, when as in this case, there is activity of record within one year prior to the dismissal.
Where activity is facially sufficient, as opposed to merely passive, e.g., a name *1070 change, Overseas Development, Inc. v. Ameri-First Federal Savings and Loan Association, 433 So.2d 587 (Fla. 3d DCA 1983); substitution of counsel, Industrial Trucks of Florida, Inc. v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977); a court cannot inquire further as to how well the activity advances the cause.
This rule is easy of application and relieves the trial court of the burden of determining whether just the right questions were propounded. We have no desire to send the trial courts into that quagmire.
This does not mean a defendant is without remedy when faced with a foot-dragging plaintiff. It may call up all motions for hearing and announce the case to be at issue and ready for trial if it is so inclined.
For the reasons stated herein, the decision of the trial court is reversed and the cause is remanded for further proceedings not inconsistent herewith.
ANSTEAD, C.J., and WALDEN, J., concur.
CARLISLE, JAMES T., Associate Judge, dissents with opinion.
CARLISLE, JAMES T., Associate Judge, dissenting.
This is the age of case management. Trial judges are being exhorted to take control of their dockets and to conclude their cases in an expeditious manner. I believe the majority opinion will have a chilling effect on this effort.
The record reflects that Philips's deposition was taken during September of 1983. A transcript of that deposition was not included in the record on appeal. The party whose complaint was dismissed has the burden of demonstrating the trial court's ruling to be an abuse of discretion, Harris, supra. It is reasonable to suspect that the information sought in the interrogatories to Berwick might have been answered in Philips's deposition. The record simply does not show an abuse of discretion.
Finally, trial court judges should have no fear of at least getting their feet wet in the quagmire. They are capable of determining whether discovery activity moved the case toward resolution or is merely an effort to keep the case on the docket. An interrogatory which merely requests an up-date on matters already propounded, as in Harris, supra, does not move the case toward resolution. Foot-dragging plaintiffs should not be given a magic formula with which to ward off dismissal. Guided by the principles that all doubts shall be resolved in favor of the non-moving party and that the law favors trial on the merits, the trial court judge should have no difficulty in examining discovery to see whether it truly advances the cause. For this reason I must dissent.