487 So.2d 389 (1986)
Arthur P. KARCHER, Jr., Shirley Karcher, Jane J. Hill and Robert R. Doss, Appellants,
v.
F.W. SCHINZ AND ASSOCIATES, INC. and Boise Cascade Corporation, Appellees.
No. BG-286.
District Court of Appeal of Florida, First District.
April 23, 1986.
*390 Matthew W. Burns, Destin, for appellants.
Siegfreid F. Kessler, of Smith, Grimsley, Remington & Kessler, Ft. Walton Beach, for appellee Schinz.
J. Craig Knox, of Fuller & Johnson, P.A., Tallahassee, for appellee Boise Cascade.
MILLS, Judge.
This is an appeal from a final order dismissing the action for failure to prosecute. We affirm.
The appellants (herein referred to collectively as Karcher) are owners of townhouse units built by F.W. Schinz and Associates (Schinz), who utilized "sawtooth" siding manufactured by Boise Cascade. On 1 March 1981, Karcher initiated this action by filing a complaint alleging that the siding was defective and had diminished the value of the townhouse units.
After various procedural developments not germane to this appeal, on 10 May 1982 the trial court entered an order setting aside a default judgment that had been entered against Boise Cascade, and accepting the filing of Boise Cascade's answer and the cross claim by Schinz. Following this, there was no record activity for nineteen months until 2 December 1983 when Karcher filed a request for admissions to Boise Cascade. Although Karcher served a motion to produce directed to Schinz on 16 November 1982 and a request for production directed to Boise Cascade on 27 October 1983, no papers were filed in the court and thus they were not made part of the record. Boise Cascade filed its answer to the request for admissions on 9 January 1984. Then from 9 January 1984 until 4 January 1985, there was again a period of record inactivity.
On 4 January 1985, Karcher filed a single interrogatory directed to Boise Cascade requesting that a detailed explanation be given for the denials that were entered in response to Karcher's request for admissions, which had been served on 2 December 1983 and answered a year earlier on 9 January 1984.
The next action taken was by Boise Cascade who filed a motion to dismiss for failure to prosecute on 9 January 1985. Thereafter, on 28 March 1985, Karcher filed a response to the motion to dismiss and a motion to compel directed against Boise Cascade. The motion to dismiss was granted on 1 April 1985 and this appeal followed.
Rule 1.420(e), Fla.R.Civ.P., governs the procedure for dismissal for failure to prosecute and it provides that "mere inaction for a period of less than one year shall not be deemed sufficient cause for dismissal." Nevertheless, the rule as it has been interpreted by Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706, 707 (Fla. 1951), and its progeny, requires that the activity of record be an affirmative act designed to progress the suit to judgment in order to preclude dismissal.
Therefore, the key issue in this appeal is whether Karcher's interrogatory filed on 4 January 1985 constitutes affirmative record activity. We find, as did the trial court, that it does not. The single interrogatory merely sought the basis for denials made by Boise Cascade in response to a request for admissions by Karcher, both of which had been filed one year earlier. See, Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90 (Fla. 1st DCA 1979) (one question interrogatory seeking an update to prior *391 interrogatories found to be activity only intended to keep the case on the court's docket). The conclusion that the January 1985 interrogatory was not a genuine measure to hasten the suit to disposition is further supported by the overall record which shows very minimal prosecution by Karcher.
The remaining points urged by Karcher are without merit and do not require our discussion.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.