LETTS, Judge,
dissenting.
The record activity required to preserve a cause of action requires more than a token filing. The prescribed activity must consist of “some active measure taken by plaintiff, intended and calculated to hasten the suit to judgment.” Gulf Appliance *101 Distributors, Inc. v. Long, 53 So.2d 706, 707 (Fla.1951).
In the case at bar, the cause of action was first commenced in August of 1983 and the final of several amended complaints filed in January of 1984. Eighteen months later, in July of 1985, a set of interrogatories was filed as follows:
1. Please state the current, if known, and if not known, the last known address of Richard Osias.
2. Please state the current, if known, and if not known, the last known address of Joan Osias Hoffman.
To these two weighty questions was added another set in August of 1985 as follows:
1. Please state the current, if known, and if not known, the last known address of Richard Osias, or state all information for the location of Richard Osias. This interrogatory specifically seeks all information by you, your agents, your employees, and/or your attorneys.
2. Please state the current, if known, and if not known, the last known address of Joan Osias Hoffman, or state all information for the location of Joan Osias Hoffman. This interrogatory specifically seeks all information by you, your agents, your employees, and/or your attorneys.
Nothing of any significance has happened since 1985 except a motion for a September 1985 protective order directed to these interrogatories. The appellants called that motion up for hearing on January 13th of 1986, but then themselves can-celled that hearing. Nothing happened for almost an entire year after that, until January 7th of 1987 when the appellants again filed a notice of another hearing on the very same motion for a protective order.
This kind of record activity was found wanting in Karcher v. Schinz and Associates, Inc., 487 So.2d 389, 390 (Fla. 1st DCA 1986) as not being “an affirmative act designed to progress the suit to judgment” and I am simply unable to agree that the trial judge committed error in the case now before us. This cause of action was no closer to fruition on the day in April of 1987 when the trial judge dismissed it, than it was on the day in August of 1983 when it was initiated. Enough is as good as a feast. I would affirm.