587 So.2d 1306 (1991)
Michael DEL DUCA, et al., Petitioners,
v.
Paul E. ANTHONY, etc., Respondent.
No. 75756.
Supreme Court of Florida.
October 24, 1991.
*1307 John W. MacKay, Tampa, Florida; and Robert E. Doyle, Jr. of Asbell, Hains, Doyle & Pickworth, P.A., Naples, for petitioners.
Robert Alan Rosenblatt of the Law Offices of Robert Alan Rosenblatt, P.A., Miami, for respondent.
OVERTON, Justice.
Petitioners seek review of Anthony v. Schmitt, 557 So.2d 656 (Fla.2d DCA 1990), in which the district court held that the trial court erroneously dismissed the cause for lack of prosecution because discovery, timely filed by the plaintiff, was not in bad faith and would move the case forward. We find, as acknowledged by the district court, that there is conflict among the districts with regard to the test to be applied in determining when and under what circumstances a cause may be dismissed for a lack of prosecution when discovery has been sought within the one-year period. Conflict exists with Karcher v. F.W. Schinz & Associates, 487 So.2d 389 (Fla. 1st DCA 1986), and Philips v. Marshall Berwick Chevrolet, Inc., 467 So.2d 1068 (Fla. 4th DCA 1985). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the decision of the district court in this case.
The facts reflect that on June 22, 1979, Jacquelyn Anthony died in an automobile accident allegedly caused by Michael Del Duca. Del Duca's vehicle, which was titled in the name of Mr. Schmidt, collided with the vehicle driven by Mrs. Anthony. A wrongful death action was filed in 1979 by Mrs. Anthony's husband, Paul E. Anthony, who filed as personal representative of the estate and as guardian of their eight-year-old daughter. This action was subsequently delayed by the issue of the ownership of the car Del Duca was driving and by Del Duca's criminal prosecution for driving while under the influence of alcohol and manslaughter. After two trials, Del Duca was ultimately convicted of reckless driving.
This civil cause was set for trial twice: first in October, 1984, and then in March, 1986. Continuances were granted in one instance to accommodate plaintiff's counsel and in another to accommodate defense counsel. A third continuance was also granted to permit the trial judge to recuse himself. Additional relevant facts were articulated in the district court's opinion as follows:

*1308 In the spring of 1987, Mr. Anthony became terminally ill. He died in October 1987. In November 1987, the defendants moved to dismiss this action for failure to prosecute. Although there had been no record activity for more than a year before this motion, the trial court found that the personal representative's ill-health and ultimate death constituted good cause for the action to remain pending... .
The next activity in the record occurred 364 days later. On December 27, 1988, the plaintiff filed a request to produce and a notice of service of interrogatories to the defendants. The request to produce asked the defendants to produce: 1) any statements obtained from the plaintiff or the plaintiff's family since December 1987; and 2) any documents that the defendants planned to introduce at trial which had been obtained from witnesses. The interrogatories asked the defendants: 1) to disclose any new witnesses; and 2) to provide addresses for two specific witnesses who had been previously disclosed without addresses.
Anthony, 557 So.2d at 658 (citation omitted).
Del Duca moved to dismiss the action for failure to prosecute, asserting that the discovery requests were not meaningful acts of prosecution, and, nevertheless, answered the discovery. On February 2, 1989, the trial court entered an order setting the case for a status conference on March 1, 1989, and Anthony's counsel filed a notice to set the case for trial. The status conference was conducted despite Anthony's counsel's failure to appear and the case was scheduled for June 12, 1989. The motion to dismiss for lack of prosecution was heard by the trial judge on March 21, 1989, at which time the trial judge determined that the discovery requests did not constitute sufficient activity to justify further prosecution of the wrongful death action. The trial court also determined, on its own motion and without notice to Anthony's counsel, that the action should be dismissed because of counsel's failure to attend the status conference. The order of dismissal was entered on both grounds.
The district court of appeal reversed, holding that the discovery was sufficient activity and concluding that
a trial court may dismiss an action if the only activity within the relevant year is discovery activity by the plaintiff taken in bad faith merely as a means to avoid the application of rule 1.420(e) and without any design "to move the case forward toward a conclusion on the merits or to hasten the suit to judgment."
Id. at 662. The district court also reversed the dismissal for failure of counsel's appearance, concluding that "[t]he trial court's order does not contain findings of any wilful or flagrant or persistent disobedience by trial counsel, nor does the record support such findings." Id.
This cause presents the question of the proper test for trial courts to apply when considering a dismissal for failure to prosecute when some discovery activity has occurred during the last year. The question requires an interpretation of Florida Rule of Civil Procedure 1.420(e), which reads as follows:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
As explained by the district court of appeal, it is a two-step process. First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the *1309 action should not be dismissed. The issue in this case involves only the first step, specifically, whether there was, in fact, record activity within the year that was not "`a mere passive effort to keep the suit on the docket.'" Eastern Elevator, Inc. v. Page, 263 So.2d 218, 220 (Fla. 1972) (quoting Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706, 707 (Fla. 1951)).
Del Duca, in this appeal, argues that the standard adopted by the Second District in this cause allows a case to be kept alive without any significant movement toward resolution and is not consistent with the meaning, spirit, and purpose of Florida Rule of Civil Procedure 1.420(e). The petitioners suggest that the appropriate standard for consideration should be that adopted by the First District Court of Appeal in Karcher. Karcher notes that rule 1.420(e) "requires that the activity of record be an affirmative act designed to progress the suit to judgment in order to preclude dismissal." 487 So.2d at 390. Petitioners assert that the test adopted by the First District in Karcher and in Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90 (Fla. 1st DCA 1979), gives to the trial judge the broad discretion to determine whether the discovery sought is a genuine measure to hasten the suit to disposition. In both Karcher and Harris, the First District held that a single interrogatory was insufficient. The Second District rejected this test, explaining that it "seems to give the trial judge considerable discretion to subjectively determine the quality of an attorney's efforts to litigate his or her client's case." Anthony, 557 So.2d at 660. The Second District also rejected the Fourth District Court of Appeal's bright-line test in Philips, which, as explained by the Second District, "would permit dismissal only when the discovery was repetitious." Anthony, 557 So.2d at 660.
The Second District's test is a middle ground approach which allows the trial judge to dismiss the cause if the discovery is in bad faith and is also "without any design `to move the case forward toward a conclusion on the merits.'" Id. at 662 (quoting Barnett Bank v. Fleming, 508 So.2d 718, 720 (Fla. 1987). In this instance, this district court noted that the "discovery was clearly filed primarily to avoid the application of rule 1.420(e)," but, nevertheless, concluded that the discovery did ask for important witnesses and did "assist in moving the case toward a conclusion on the merits." Id. The district court also concluded that the discovery was not "frivolous or clearly useless" or "an activity taken in bad faith," and, consequently, that the dismissal in these circumstances could not be sustained. Id.
We fully agree with the test adopted by the Second District Court of Appeal in this cause, its legal analysis, and its application in this case. We disapprove Harris, Karcher, and Philips to the extent they are in conflict with this decision.
We also agree with the Second District's reversal of the trial court's order of dismissal for failure to appear and that the trial court should conduct an appropriate hearing to determine whether sanctions should be imposed against Mr. Anthony's attorney. Ordering the respondent's attorney to pay attorney's fees and costs resulting from his nonappearance, or allowing the plaintiffs below an opportunity to obtain other counsel without payment of attorney's fees for services rendered to this point are possible sanctions the trial court may consider without adversely affecting the client.
Accordingly, the decision of the district court is approved.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.