DOWNEY, Judge.
Appellant, John Mastrangelo, sued appel-lees, Ray Sandstrom and Sandstrom, Inc., a dissolved corporation, to recover the sum of $100,000 allegedly due him. A counterclaim filed by appellees was later dismissed and plays no part in this appeal. The case ultimately went to trial without a jury and resulted in 1) an involuntary dismissal of Ray Sandstrom, individually, as a defendant and 2) a judgment in favor of appellant against Sandstrom, Inc., for $100,000 plus interest. The appellant has appealed the dismissal as to Ray Sandstrom, individually, and Sandstrom, Inc., has cross appealed the judgment in favor of appellant.
It appears that during 1981 appellant lent Ray Sandstrom, or Sandstrom, Inc., the sum of $100,000 for the purpose of investing it in real property in the State of Wyoming. The loan was made through an offshore bank in Nassau, and the funds were delivered via a Nassau bank check payable to Sandstrom, Inc. Appellant contended that he sought repayment and that Sandstrom promised to do so but finally, in 1988, he refused payment. The evidence adduced at trial on behalf of appellant circumstantially points to Sandstrom, individually, as the debtor. However, Sandstrom, individually, has consistently contended by pleading and cross-examination of appellant’s witnesses that the loan was made to the corporation, Sandstrom, Inc. Further *1014 more, neither the testimony of witnesses nor the documentary evidence appears sufficient to support appellant’s claim against Sandstrom, individually. Thus, appellant has failed to demonstrate reversible error as to the involuntary dismissal of the case against Sandstrom, individually.
Sandstrom, Inc., asserted several defenses to appellant’s claim against it, such as the statute of frauds and the statute of limitations. However, in view of our ultimate decision herein, we need not consider the validity of said defenses.
This suit was commenced by appellant in December, 1988. His complaint was met by a defensive motion to dismiss, which was heard on February 14,1989. At said hearing, the trial court apparently announced its ruling to grant the motion with leave to amend. Accordingly, without waiting for the written order thereon, appellant, on February 15, 1989, filed his amended complaint pursuant to the court’s ruling at the hearing. Several days later, on February 21, 1989, the court’s written order on said motion was rendered. Thereafter, the record reflects that an answer and counterclaim and an amended answer and counterclaim were filed by appellees, which prompted appellant’s response and answer to the amended counterclaim on March 20, 1989. Chronologically, the next paper appearing in the record is an order, dated April 10, 1989, filed for record April 11, 1989, dismissing appellant’s original complaint with leave to amend, obviously pursuant to the hearing of February 14, 1989.[1]
No record activity followed until March 23, 1990, a year and three days after the appellant’s last pleading, filed March 20, 1989, wherein appellees’ moved to dismiss for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). Appellant responded by moving to strike appellees’ motion, contending it was premature because of the order appearing in the record dated Ajpril 11,1989. The trial court granted said motion to strike appellees’ motion to dismiss for lack of prosecution, and ap-pellees filed a non-final appeal, which was dismissed by this court because the order was not appealable.
By way of its cross appeal Sandstrom, Inc., contends that the trial court abused its discretion and committed reversible error in striking appellees’ motion to dismiss for lack of prosecution. We are thus presented with the question of whether the order rendered April 11, 1989, was record activity so as to preclude the running of the period required for prosecution pursuant to Rule 1.420(e).
It is apparent that the motion filed by appellees to dismiss the original complaint was ruled upon by the trial court by written order on February 21, 1989, and an amended complaint complying with the court’s ruling was filed February 15, 1989. Therefore, the second order rendered by the trial court on April 11, 1989, was a nullity; it was surplusage having no effect and thus can not be considered record activity, which is affirmative activity of record designed to progress the suit to judgment. Karcher v. F. W Schinz & Associates, 487 So.2d 389 (Fla. 1st DCA 1986); Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla.1951). In view of the foregoing, under the rule, appellees were entitled to a dismissal of the cause, and the trial court abused its discretion in refusing to do so. Industrial Trucks of Florida v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977).
Appellant does not join issue with appel-lees’ argument on the merits of the cross appeal. He simply recites the trial court’s action in striking appellees’ motion to dismiss as being premature and notes the dismissal of appellees’ non-final appeal from said order. Appellant then concludes, without explanation, that the error was not preserved and is thus waived. We conclude that there is no question of preserving the error and that it was properly raised on this plenary appeal. Furthermore, it was reversible error and requires reversal of the judgment against Sand-strom, Inc. We affirm the dismissal of the *1015 judgment against Ray Sandstrom, individually.
HERSEY and DELL, JJ., concur.

. The April 11, 1989, order is a redundancy of the order of February 21, 1989.