GRIFFIN, Judge,
dissenting.
Florida Rule of Civil Procedure 1.420(e) provides:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed....
Case law has firmly established, however, that not just any “activity by filing of pleadings, order of court or otherwise” that “appears on the face of the record” will suffice; only that “record activity” that is reasonably calculated “to advance the cause to resolution” will avoid dismissal. See, e.g., Inman, Inc. v. Miami Dade Water and Sewer Authority, 489 So.2d 218, *1145 219 (Fla. 3d DCA 1986). After concluding that the record activity had to be such that would “move the case forward toward a conclusion on the merits”, Florida courts then got into the business of evaluating record activity, principally discovery filings that had the facial purpose of moving the case forward toward a conclusion on the merits, to determine whether they were a genuine measure to hasten the suit to disposition. This trend was recently limited by the supreme court in Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991). Under Del Duca, discovery filings are “record activity” unless they are “frivolous or clearly useless” or are undertaken “in bad faith.” Id. at 1309.
The supreme court in Barnett Bank of East Polk County v. Fleming, 508 So.2d 718, 720 (Fla.1987) quite sensibly held that the filing of a motion to dismiss for lack of prosecution under this rule cannot itself be the record activity that bars the application of the rule. Then, in Inman, the district court reasoned that, just as a motion to dismiss for want of prosecution cannot be “record activity”, a court order that rejects the defendant’s motion to dismiss for want of prosecution also cannot be record activity because it does nothing to advance the cause. The supreme court in Fleming quoted Inman with approval on this point. Today this court has taken the next step following that line of logic, which is that a memorandum filed by a plaintiff seeking dismissal of an improperly filed motion to dismiss for want of prosecution is also not record activity ... because it does not advance the cause. To my mind, however, the filing of a paper by a plaintiff seeking to dispose of a motion to dismiss for want of prosecution by a defendant is record activity, even though the plaintiffs successful attack on the motion to dismiss does not advance the cause beyond where it was before the motion to dismiss was filed. It advances the cause to the extent it disposes of a newly filed motion whose purpose is to defeat the cause entirely.
More significant than the narrow issue presented in this case, it is, in my view, both important and possible for Rule 1.420(e) to say what it means. Otherwise it is more dangerous than useful. The case law has given full expression to why the judiciary believes this rule should be applied very strictly. A process of reconsideration of this rule might provide the forum for a different view.