SHAHOOD, Judge.
This is an appeal from a dismissal for lack of prosecution pursuant to rule 1.420(e), Florida Rules of Civil Procedure (1996). We find the trial court erred by granting the dismissal, and reverse and remand with directions to reinstate the cause of action. The facts pertinent to this ease are as follows.
On November 10,1992, appellant, Veronica Garland, filed a complaint against the City of Delray Beach and several police officers of the City police department. Following a variety of discovery and motions throughout 1993 and 1994, appellant filed a notice of taking depositions and subpoena for deposition duces tecum on January 30, 1995. No other pleading was filed until January 8, 1996, when appellee filed an amended motion to dismiss the complaint with prejudice for failure to prosecute. In its motion, appellee alleged that the last pleading filed by appellant was filed on November 14,1994.
Rule 1.420(e), Florida Rules of Civil Procedure (1996), which addresses the dismissal of actions for failure to prosecute, provides as follows:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
(Emphasis added).
This court has held that the purpose of the rule is best served “by recognizing and encouraging, as sufficient prosecution, action on the part of either party which is more than a mere passive effort when it is an affirmative act directed toward disposition of the cause.” Eastern Elevator, Inc. v. Page, 263 So.2d 218, 220 (Fla.l972)(filing of written interrogatories to plaintiff constituted sufficient affirmative showing of prosecution of action to justify denial of defendants’ motion to dismiss action for lack of prosecution even though plaintiff had failed to answer interrogatories).
In Toney v. Freeman, 600 So.2d 1099, 1100 (Fla.1992), the supreme court ex *1394 pounded on Eastern Elevator stating that record activity “must advance a case toward resolution.” The filing of a status report is not sufficient record activity to preclude dismissal for failure to prosecute. Id. A motion for mediation conference is likewise not sufficient record activity unless there is some follow-up activity intended to move the case along. Heinz v. Watson, 615 So.2d 750, 753 (Fla. 5th DCA 1993).
However, regarding notices of taking deposition, the court in Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90, 94 (Fla. 1st DCA 1979), disapproved in part by, Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991), held that “even if cancelled, [they] had a purpose of advancing [the plaintiffs] interest in preparation for trial or other disposition of the case against it.” In Harris, the trial court had specifically found that the discovery was clearly filed to avoid dismissal for failure to prosecute, but nevertheless, concluded that the discovery did ask for important witnesses and did “assist in moving the case toward a conclusion on the merits.”
In Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991), the Florida Supreme Court disapproved of Harris only to the extent that it “gives to the trial judge the broad discretion to determine whether the discovery sought is a genuine measure to hasten the suit to disposition.” The court adopted the test enunciated in Anthony v. Schmitt, 557 So.2d 656 (Fla. 2d DCA 1990), which allows the trial judge to dismiss the cause if the discovery is in bad faith and is also “without any design ‘to move the case foiward toward a conclusion on the merits.’ ” Del Duca, 587 So.2d at 1309.
In this case, the trial court made no findings to indicate whether it thought Garland’s notice of taking deposition was made merely to avoid the application of rule 1.420. As such, since discovery pleadings, and indeed notices of taking deposition specifically, have been held to be sufficient to preclude dismissal for failure to prosecute, we conclude that the trial court erred in dismissing Garland’s complaint for failure to prosecute without a finding of bad faith.
The case is accordingly reversed and remanded to the trial court with directions to reinstate the case on the docket for further proceedings toward a trial on the merits.
REVERSED AND REMANDED WITH DIRECTIONS.
DELL and STONE, JJ., concur.