ANTOON, Judge.
Titusville Associates, Inc. (Titusville) appeals the final order dismissing for lack of prosecution its lawsuit against appellees, Epoch Management, Inc., Jim’s Plumbing and Irrigation, Inc., Debra L. Wingo, and James C. Wingo, Jr. We reverse because Titusville engaged in record activity within one year prior to the filing of the appellees’ motion to dismiss. See Fla.R.Civ.P. 1.420(e).[1]
In 1985, Titusville owned three apartment complexes in Brevard County and hired Epoch, a professional management company, to manage the properties. Epoch assigned the management responsibilities for Titusville’s properties to its employee, Debra Wingo. *1310 Debra was married to James Wingo, the president of both Jim’s Plumbing and Irrigation, Inc., and Jim’s Landscape, Inc. While employed by Epoch, Debra hired her husband’s companies to perform maintenance operations on Titusville’s properties.
In early 1990, Epoch discovered Debra’s conflict of interest and terminated her employment. Thereafter, in March 1991, Titus-ville filed suit against the appellees. In its second amended complaint, Titusville alleged that Debra Wingo had improperly employed her husband’s companies to do all the landscaping, plumbing, and irrigation work on Titusville’s properties without obtaining competitive price quotations for such services. The complaint sought recovery of unliquidat-ed damages under theories of negligence, breach of contract, civil conspiracy, tortious interference with a contract, and breach of fiduciary duties.
In October 1992, the appellees filed separate motions to dismiss Titusville’s complaint for the failure to state a cause of action. However, neither side noticed these motions for hearing. Seven months later, on June 11, 1993, Titusville served a Notice Of Expert Interrogatories upon the Wingos and Jim’s Plumbing. One week later, Jim’s Plumbing responded by serving a Notice Of Expert Interrogatories on Titusville.
Nothing further happened in the case until nearly one year later. On May 24,1994, the appellees filed separate motions to dismiss Titusville’s complaint for lack of prosecution. A nonevidentiary hearing was held on the motions after which the trial court entered a final order of dismissal for lack of prosecution. The order stated that Titusville’s filing of its Notice of Expert Interrogatories did not constitute record activity because the interrogatories were “frivolous, clearly useless, done in bad faith and without any design to move the case forward to a conclusion on its merits.” We disagree.
In Del Duca v. Anthony, 587 So.2d 1306, 1308-9 (Fla.1991), our supreme court articulated the standard for determining whether a case is subject to dismissal for lack of prosecution. Specifically, the court explained that application of rule 1.420(e) is a two-step process:
First, the defendant must show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed.
Importantly, in discussing the first prong of the test, the supreme court explained that if discovery is filed in bad faith and is not intended to move the case toward resolution on its merits, then the discovery does not constitute record activity. Id.
Here, it is undisputed that Titusville’s notice of expert interrogatories was filed within the twelve-month time period prior to the filing of the appellees’ motions to dismiss. Thus, the issue is whether the trial court erred in determining that Titusville’s interrogatories did not constitute record activity because they were filed in bad faith and not intended to move the case forward. Our review of the instant record reveals that there is no evidence to support the court’s ruling since no evidence was taken at the hearing. Furthermore, there is nothing on the face of the record indicating that the expert interrogatories were propounded in bad faith. For example, the interrogatories were not duplicative nor were they filed at the eleventh hour. Also, the record refutes the claim that the interrogatories were filed in bad faith and not designed to move the case toward resolution in light of the fact that Jim’s Plumbing responded to the interrogatories by filing identical interrogatories on Titusville one week later. Moreover, Ti-tusville’s expert interrogatories were not frivolous because one of the underlying claims at issue was the determination of whether Epoch and Debra Wingo breached a fiduciary duty to Titusville by paying James Wingo’s corporations’ unreasonably excessive fees and, if so, the amount of damages Titus-ville sustained as a result of the breach. Expert testimony would certainly help the trier of fact resolve these issues.
Accordingly, we must reverse the trial court’s order of dismissal and remand this matter for further proceedings because Ti-tusville’s notice of expert interrogatories constituted record activity within one year of the *1311 date the appellees’ motions to dismiss were filed.
ORDER REVERSED; CAUSE REMANDED.
DAUKSCH and PETERSON, JJ., concur.

. Florida Rule of Civil Procedure 1.420(e) provides:
RULE 1.420 DISMISSAL OF ACTIONS
* * * * * *
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a parly to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not he sufficient cause for dismissal for failure to prosecute.