ON MOTION FOR REHEARING, REHEARING EN BANC, AND/OR CERTIFICATION

POLEN, C.J.
Appellee has filed motions for rehearing, rehearing en banc, and/or certification. We grant the motion for rehearing in order. to correct our original opinion, quash our earlier opinion, and substitute the fol *881 lowing in lieu thereof. We deny the motions for rehearing en banc and/or for certification.
Angelina Iandoli Amorello timely appeals after the court dismissed her action against Gilbert Tauck, as Colorado Personal Representative of the Estate of Otto Tauck, for failure to prosecute. We hold the trial court abused its discretion and, therefore, reverse.
This case involves an alleged breach of a lease agreement between Amorello and the late Otto Tauck. Amorello filed her complaint in 1992. Tauck died in December, 1993. Gilbert Tauck, the deceased’s Personal Representative from Colorado, was substituted as a party in March, 1994.
Thereafter, the pleadings were amended and reamended, motions were filed, and discovery ensued. In September, 1997, Amorello moved for partial summary judgment on all eight of Tauck’s affirmative defenses. She filed deposition transcripts and an affidavit in support of same.
In October, 1998, she filed a motion for a two-hour hearing on the motion for partial summary judgment. She also moved for an order on Otto Tauck’s 1993 motion for referral to mediation.
In September, 1999, she moved for summary judgment on all issues in her complaint and Tauck’s answer, as well as his affirmative defenses. This motion incorporated by reference her 1997 motion for partial summary judgment. In her motion, she informed the court she planned to file a brief “citing applicable law and annotating all factual assertions ... before this Motion is set for Hearing.” (She also filed a status report.) In October, 1999, she filed two depositions which had previously been filed with her 1997 motion for partial summary judgment.
In November, 1999, Tauck moved to dismiss the complaint for lack of prosecution. In December, 1999, Amorello filed both her and another witness’ affidavit in support of her motion for summary judgment. In October, 2000, she amended her motion for summary judgment. The motion did not allege nor argue anything different than that contained in her prior two motions. However, she also filed a “brief’ in support of her motion which contained factual allegations and legal argument.
In December, 2000, Tauck again moved to dismiss the case for lack of prosecution. The court dismissed the ease based upon Tauck’s 1999 motion to dismiss. From the court’s final judgment of dismissal, Amo-rello appealed.
Amorello argues the trial court erred in dismissing this action in 2001 for lack of any record activity from November 12, 1998 to November 12, 1999. Florida Rule of Civil Procedure 1.420(e) requires that plaintiffs counsel ensure that some record activity is accomplished within a twelve-month period to avoid dismissal of the action.[1] In Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991), the supreme court articulated the standard for determining *882 whether a case is subject to dismissal for lack of prosecution under the rule:
First, the defendant must show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed.
Id. at 1308-09. In interpreting rule 1.420(e), the court held that the trial court has discretion to dismiss an action when the only record activity for the previous year was bad faith activity, i.e. activity that is “frivolous or clearly useless” to further prosecute the case. Id. at 1309.
Here, there was record activity for the year preceding the November, 1999 motion. Amorello moved for summary judgment on all issues, not just on Tauck’s affirmative defenses as she did in 1997. Even though it incorporated the allegations and argument in the 1997 motion, the 1999 motion technically was a new motion in substance because it sought to resolve the entire lawsuit, not just a portion of it. We, therefore, hold the court abused its discretion in dismissing the action for this reason.[2]
REVERSED and REMANDED for further proceedings.
STONE and STEVENSON, JJ., concur.

. Rule 1.420(e) provides,
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Fla. R. Civ. P. 1.420(e) (1999).

. Tauck, however, maintains that this court should still affirm the dismissal because there was no record activity between December, 1999 and 2000. In other words, Tauck espouses a right-for-the-wrong reasons approach. See Lowery v. State, 766 So.2d 417, 417 (Fla. 4th DCA 2000)(holding this court may affirm where trial court reached correct result even if wrong reasoning was applied).
The problem with this argument is that while he filed a second motion to dismiss for lack of prosecution, the court never ruled on it. Moreover, the order of dismissal does not contain any findings pertinent to this time period. As the provisions of rule 1.420(e) are not self-effectuating, it was Tauck’s burden to ensure that the court ruled on his later motion.