817 So.2d 974 (2002)
Brian J. SHEEN, Appellant,
v.
THE TIME INC. MAGAZINE CO. and John Sims, Appellees.
No. 3D00-3510.
District Court of Appeal of Florida, Third District.
May 29, 2002.
*975 Bailey & Dawes and Guy B. Bailey, Coconut Grove, and John E. Hughes, III, Miami, for appellant.
Holland & Knight and Sanford L. Bohrer and Scott D. Ponce, Miami, for appellees.
Before SHEVIN, SORONDO, and RAMIREZ, JJ.

ON MOTION FOR REHEARING DENIED
PER CURIAM.
Brian Sheen appeals a final order dismissing his action for lack of prosecution. We withdraw our previously issued opinion and substitute this one in its place. We affirm.
In July 1991, Sheen, Sheen Financial Resources, Inc., and First Preservation Capital, Inc., f/k/a Sheen Investment Management Group, Inc. (collectively, Plaintiffs), filed suit against The Time Inc. Magazine Company (Time) and John Sims (Sims) for defamation, based on an article that Sims wrote while employed by Time for its publication, Money magazine. Thereafter, Plaintiffs filed an amended complaint, which Time and Sims answered in March 1992. From April 1992 to August 1993, the record shows there were various motions filed relating to substitution of counsel and withdrawal of counsel, as well as the trial court's orders addressing those motions.
In June 2000, Sheen filed Requests to Admit, to which Time responded. The index to the record on appeal, however, does not show any activity during the seven year period between August 1993 and October 2000.
On October 20, 2000, the trial court entered a sua sponte Notice of Dismissal for Lack of Prosecution on the grounds that it appeared on the face of the record that there had been no activity by filing of pleadings, order of the court, or otherwise in the cause for a period of one year. The notice of dismissal ordered that good cause be shown in writing, at least five days before the hearing, as to why the action should remain pending; and set the matter for hearing on November 27, 2000, to determine whether the case should be dismissed. The trial court's notice also advised that in the absence of any showing of good cause why no action had been taken, the matter would be dismissed by separate order, without further notice.[1]
*976 Sheen's counsel did not file a written response to the notice of dismissal, nor did he make an appearance at the November 27, 2000 hearing. After reviewing the record, including the requests for admission and answer, the trial court found that the requests had been undertaken in bad faith and without any design to move the case forward toward a conclusion on the merits. Furthermore, the court found that the filings during the year preceding the filing of the notice of dismissal were merely passive efforts to keep the 1991 action on the docket. The trial court entered an order dismissing the action, without prejudice, for lack of prosecution. Sheen did not move for rehearing. He now appeals the trial court's ruling.
We begin our analysis with rule 1.420(e), Florida Rules of Civil Procedure, which provides as follows:
Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
The case law interpreting rule 1.420(e) makes it clear that not every document filed in a case qualifies as record activity. See Toney v. Freeman, 600 So.2d 1099, 1100 (Fla.1992); Otero v. Gastroenterology Group of South Florida, P.A., 710 So.2d 148, 149 (Fla. 3d DCA 1998); Heinz v. Watson, 615 So.2d 750 (Fla. 5th DCA 1993); Caldwell v. Mantei, 544 So.2d 252 (Fla. 2d DCA 1989); Boeing Co. v. Merchant, 397 So.2d 399, 402 (Fla. 5th DCA 1981). This is because for purposes of rule 1.420(e), "[r]ecord activity must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment." Toney, 600 So.2d at 1100. Under this definition of record activity, documents filed of record concerning discovery may, but do not always, constitute sufficient record activity.[2]See Anthony v. Schmitt, 557 So.2d 656, 659 (Fla. 2d DCA 1990), approved by, Del Duca v. Anthony, 587 So.2d 1306, 1309 (Fla.1991).
In Del Duca v. Anthony, the Florida Supreme Court approved the Second District Court of Appeal's decision in Anthony v. Schmitt, which sets forth a two-step test for trial courts to apply when considering a dismissal for failure to prosecute, where there has been some discovery activity during the year preceding the filing of a motion to dismiss under rule 1.420(e). Anthony, 557 So.2d at 658-59, approved by, Del Duca, 587 So.2d at 1308-09. *977 "First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed." Id. The issue in Del Duca involved only the first step, specifically, whether the discovery activity that had been filed in the record was not "a mere passive effort to keep the suit on the docket."[3] 587 So.2d at 1309 (quoting Eastern Elevator, Inc. v. Page, 263 So.2d 218, 220 (Fla.1972)). The test that emerged from Anthony allows a trial court to dismiss an action if the only activity within the year is discovery taken in bad faith and "without any design `to move the case forward toward a conclusion on the merits.'" Del Duca, 587 So.2d at 1309 (quoting Barnett Bank of East Polk County v. Fleming, 508 So.2d 718, 720 (Fla.1987).)
Thus, the first step of the test requires that the trial court determine whether there has been record activity, as that term has been interpreted by the Florida courts. A review of the record may in fact reveal no filings of record, in which case no further inquiry is necessary at that stage. See Metropolitan Dade County v. Hall, 784 So.2d 1087, 1090 n. 4 (Fla.2001). However, where there has been some activity, as in this case, the trial court is left with the task of determining whether the activity in question constitutes sufficient record activity to preclude dismissal under rule 1.420(e). Del Duca, 587 So.2d at 1309. If it is shown that no action toward prosecution has been taken within a year, the plaintiff then has the opportunity under the second step to present the trial court with good cause in writing to avoid dismissal. In the absence of good cause, the trial court is bound to dismiss the case. See Nesbitt v. Community Health of South Dade, Inc., 566 So.2d 1, 2 (Fla. 3d DCA 1989); Martinez v. Fuenmayor, 533 So.2d 935 (Fla. 3d DCA 1988).
Sheen relies on Metropolitan Dade County v. Hall, for the proposition that the trial court lacked jurisdiction to move to dismiss the action because there had been record activity in the case during the year preceding the filing of the notice of dismissal, i.e., the requests to admit. Sheen's reliance on Hall is misplaced.
In Metropolitan Dade County v. Hall, the Supreme Court of Florida reviewed Hall v. Metropolitan Dade County, 760 So.2d 1051 (Fla. 3d DCA 2000), which this Court had certified to be in conflict with Levine v. Kaplan, 687 So.2d 863 (Fla. 5th DCA 1997) and Smith v. DeLoach, 556 So.2d 786 (Fla. 2d DCA 1990). In Hall, the defendant had deposed the plaintiff during the year preceding the filing of the motion to dismiss. The plaintiff had also served an offer of judgment on the defendant. Neither of these had been filed of record. The trial court granted the defendant's motion to dismiss for lack of prosecution; this Court reversed and certified conflict. The supreme court approved this Court's decision and disapproved of Smith and Levine. 784 So.2d at 1091.
In Hall, the Supreme Court of Florida did not have to analyze the first step of the Del Duca test because there was no record activity on the face of the record since neither the offer of judgment nor the depositions taken had been filed of record. Instead, the opinion focused on the second step, the good cause showing. To that end, the court noted that in the absence of record activity, the non-moving party must show good cause to preclude dismissal; it identified the factors from Del Duca as a *978 means of evaluating whether good cause exists. The court went as far as providing an example of what constitutes sufficient record activity and as such, good cause. Specifically, the court stated:
Rule 1.420(e) plainly states that actions `shall' be dismissed if it appears on the face of the record that there was no activity within the past year. This requires only a review of the record. There is either activity on the face of the record or there is not. If a party shows that there is no activity on the face of the record, then the burden moves to the non-moving party to demonstrate within the five-day time requirement that one of the three bases that would preclude dismissal exists. The factors from Del Duca, whether any activity was done in good faith and whether the activity was with any design to move the case forward, are components in evaluating whether good cause exists. We also note that when there is record activity occurring during the preceding year, such as a notice for trial which has not been acted on by the trial court, good cause always exists.
784 So.2d at 1090 (footnote and citation omitted).[4]
In the present case, it appears the trial court entered a notice to dismiss the cause because it did not see activity on the face of the record for a year. The court set the matter for hearing, during which it learned there had been some discovery activity. Since the latter may, but does not always, constitute valid record activity, the trial court had the authority to determine whether the requests for admission were not merely a passive effort to keep the nine-year old action on the docket, but actually hastened the suit to judgment. Unfortunately, Sheen chose not to appear at the hearing set by the trial court, and further chose not to file a written response to show good cause. In short, he failed to carry his burden. The trial court was therefore left to decide if the request for admissions was sufficient record activity for purposes of surviving a dismissal under rule 1.420(e). When the trial court determined that it was not, the court was bound to dismiss the suit in the absence of good cause showing otherwise.[5]See Nesbitt, 566 So.2d at 2.
We cannot conclude that the trial court abused its discretion in dismissing the suit, given Sheen's decision to ignore the trial court's order, despite having received notice that dismissal was imminent and having been given an opportunity to show good cause why the case should remain pending. Accordingly, we affirm.
RAMIREZ, J. (specially concurring).
I concur in affirming the dismissal in this case because it was filed in July 1991. It is hard to believe that plaintiff is prosecuting such a case. If it were a child born at the same time, that child would now probably be in the sixth grade. In any other situation, I would be very troubled *979 by a trial court deciding whether the requests for admissions were presented in bad faith. By the language of Rule 1.420(e), Florida Rules of Civil Procedure, courts are only authorized to dismiss cases where there has been no record activity. In Del Duca v. Anthony, the Florida Supreme Court held that the trial judge could "dismiss the cause if the discovery is in bad faith and is also without any design to move the case forward toward a conclusion on the merits." 587 So.2d 1306, 1309 (Fla.1991) (citations omitted). Recent efforts in the Civil Procedure Rules Committee to amend the rule to reflect this interpretation have failed.[6]
One of the original purposes of this rule was to increase the overall efficiency of our system of justice in the civil arena. However, a brief review of the caselaw reveals that the rule has done anything but. Instead it seems to have fostered a great deal of appellate litigation. Predictability suffers with any rule that has such a nebulous standarddesigned to move the case forward toward a conclusion on the merits. Thus, I am now of a view that, as expressed by Chief Judge Schwartz's concurrence and Judge Cope's dissent in National Enterprises, Inc. v. Foodtech Hialeah, Inc., 777 So.2d 1191 (Fla. 3d DCA 2001), no case should be dismissed for lack of prosecution when the plaintiffs can show, by filing any document whatever during the critical period, that they wish actively to pursue the case.
NOTES
[1] On appeal, Sheen's attorney claims that when the trial court issued its notice of dismissal, his office called the judge's chambers to advise that requests for admission and responses had been filed months earlier. The person from the judge's office with whom counsel spoke indicated that he or she was unaware of the requests. Moreover, that person advised that he or she was not certain such requests counted, and asked that they be forwarded. This alleged conversation, however, is not substantiated by the record on appeal.
[2] Sheen relies on this Court's decision in Malka v. Lawrence, 690 So.2d 649 (Fla. 3d DCA 1997) to suggest that requests for admission always constitute record activity for purposes of rule 1.420(e). Malka, however, does not stand for that proposition. The holding in Malka was based specifically on the filing and service of requests for admissions as to genuine issues in the case that had been disputed in the pleadings, which in this Court's view precluded dismissal for lack of prosecution. Id. at 649.
[3] The activity under scrutiny in Del Duca consisted of two filings of record by plaintiff: a request to produce and a notice of service of interrogatories to the defendants.
[4] We construe the last sentence in this quote from Hall as a comment intended solely to illustrate what qualifies as good cause. We do not find that the court set out to redefine what constitutes record activity, an analysis that is confined to the first step of the test. Our interpretation is based on the fact that the court has not receded from Del Duca, which teaches that discovery activity filed of record does not always qualify as sufficient record activity for purposes of rule 1.420(e).
[5] According to the record on appeal, the document is just one page long and consists of five numbered, one-sentence paragraphs. Without the styling of the case, counsel's closing and signature, and the certificate of service provision, the five paragraphs consume less than half of one page.
[6] The amendment proposed at the January 11, 2002, Midyear Meeting of the Civil Procedure Rules Committee of the Florida Bar would have added the following language to the first sentence: "All actions in which it appears on the face of the record that no activity that is designed to move a case forward to a conclusion on the merits by filing of pleadings, order of court, or otherwise. ..."