826 So.2d 436 (2002)
ABADDON, INC., a Delaware corporation authorized to do business in the State of Florida, Appellant,
v.
Edwin D. SCHINDLER and Judith Ann S. Gentry, as Personal Representative of the Estate of John A. Gentry, III, Appellees.
No. 4D01-4347.
District Court of Appeal of Florida, Fourth District.
August 21, 2002.
Rehearing Denied October 8, 2002.
*437 Edward A. Marod of Edward A. Marod, P.A., West Palm Beach, for appellant.
John P. Wiederhold of Wiederhold, Moses & Rubin, P.A., West Palm Beach, for appellee Judith Ann Gentry.
W. Todd Boyd and Alon Barzakay of Katz, Barron, Squitero & Faust, P.A., Miami, for appellee Edwin D. Schindler.
WARNER, J.
The trial court dismissed Abaddon, Inc.'s case for failure to prosecute because it found that a motion to appoint a commissioner to take a deposition in another state was not record activity designed to move the case to a conclusion. We reverse, concluding that there was sufficient record activity to avoid dismissal.
In 1995, Abaddon had filed a legal malpractice claim against its attorneys, Schindler and Gentry, for their representation in another suit. The attorneys answered and filed a counterclaim for services rendered.[1] In 2000, Abaddon filed a notice of deposition, attempting to take the deposition of a records custodian. This deposition was re-noticed three times, the final notice being served on September 6, 2000. That deposition was actually taken on October 6, 2000, although the deposition was not filed. See Fla. R. Civ. P. 1.310(f)(3) (dictating the limited circumstances under which a deposition may be filed).
The next record activity occurred on August 3, 2001, when Abaddon served and filed a motion to appoint a commissioner in the State of Washington to take testimony and receive subpoenaed documents. The motion did not list any witnesses' names but did list the court reporting agency Abaddon sought to have appointed commissioner.
Five weeks later, on September 7, 2001, Gentry moved to dismiss for failure to prosecute. Schindler filed a similar motion on September 18, 2001. The motions alleged that no record activity had occurred in the last year. Gentry acknowledged the filing of the motion to appoint a commissioner but contended that it was not activity designed to move the case forward.
A hearing on the motion was duly noticed for October 2, 2001. Soon thereafter, Abaddon noticed a hearing on its motion to appoint a commissioner for the same date. The day before the scheduled hearing, it faxed Gentry and Schindler a verified response to their motions to dismiss, actually filing the response on the morning of the hearing. Abaddon stated that its motion to appoint a commissioner related to discovery on the damages issue and constituted sufficient record activity to avoid dismissal. It further submitted that nonrecord activity had occurred in the past year, namely the deposition in October *438 2000. After a full hearing, the trial court granted the motion to dismiss, concluding that the filing of the motion to appoint a commissioner was not sufficient record activity calculated to move the case forward.
Florida Rule of Civil Procedure 1.420(e) permits the trial court to dismiss cases in which there has been no record activity within a year's period of time. It states:
Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
In Del Duca v. Anthony, 587 So.2d 1306, 1309 (Fla.1991), the supreme court adopted the second district's test in determining whether discovery was sufficient activity to avoid dismissal for failure to prosecute. There, the plaintiff filed a request to produce and a notice of service of interrogatories 364 days after the last record activity. The trial court dismissed, but the second district reversed, concluding that while the discovery was clearly filed in order to avoid dismissal pursuant to rule 1.420(e), one of the interrogatories had the purpose of moving the case toward a conclusion on the merits. See Anthony v. Schmitt, 557 So.2d 656, 662 (Fla. 2nd DCA 1990). On review to the supreme court, in adopting the second district's test, the supreme court explained:
The Second District's test is a middle ground approach which allows the trial judge to dismiss the cause if the discovery is in bad faith and is also "without any design `to move the case forward toward a conclusion on the merits.'" [Anthony, 557 So.2d] at 662 (quoting Barnett Bank v. Fleming, 508 So.2d 718, 720 (Fla.1987)). In this instance, this district court noted that the "discovery was clearly filed primarily to avoid the application of rule 1.420(e)," but, nevertheless, concluded that the discovery did ask for important witnesses and did "assist in moving the case toward a conclusion on the merits." Id. The district court also concluded that the discovery was not "frivolous or clearly useless" or "an activity taken in bad faith," and, consequently, that the dismissal in these circumstances could not be sustained. Id.

Del Duca, 587 So.2d at 1309. Later, in Metropolitan Dade County v. Hall, 784 So.2d 1087, 1090 (Fla.2001), the court took a slightly different position stating:
Rule 1.420(e) plainly states that actions "shall" be dismissed if it appears on the face of the record that there was no activity within the past year. This requires only a review of the record. There is either activity on the face of the record or there is not.
(Footnote omitted). However, Hall involved the taking of depositions which were not filed of record. Therefore, although this dicta seems to contradict Del Duca, our supreme court has held that "[w]here a court encounters an express holding from this Court on a specific issue and a subsequent contrary dicta statement on the same specific issue, the court is to apply our express holding in the former decision until such time as this Court recedes from the express holding." Puryear v. State, 810 So.2d 901, 905 (Fla.2002).
*439 Nevertheless, whether we apply the Hall pronouncement or the Del Duca test, we are required to reverse the trial court's order of dismissal. If we apply Hall, the motion to appoint a commissioner was record activity within the past year. Applying the Del Duca test, dismissing if the record activity is filed in bad faith and is not designed to hasten the case to conclusion on the merits, we also conclude that the trial court erred in dismissing the case. While the motion may have been filed in bad faith, that is, for the sole purpose of keeping the case from being dismissed, we cannot say that a motion to appoint a commissioner to take depositions in a sister state does not hasten the case toward disposition. Indeed, the filing of a notice to take deposition has been held to be sufficient record activity to avoid dismissal. See Hall v. Metro. Dade County, 760 So.2d 1051, 1052 (Fla. 3d DCA 2000); Garland v. City of Delray Beach, 685 So.2d 1392, 1394 (Fla. 4th DCA 1997). Because appointing a commissioner is a necessary preliminary step to noticing an out-of-state deposition, see Travelers Indent. Co. v. Hill, 388 So.2d 648, 650 (Fla. 5th DCA 1980), a motion to appoint a commissioner to take those out-of-state depositions is a necessary prerequisite and constitutes affirmative record activity designed to move the case forward. See Estate of Kernan v. Gifford, 426 So.2d 1141, 1142 (Fla. 1st DCA 1983) (listing appointment of a commissioner to take out-of-state depositions as one of many record activities precluding dismissal).
Gentry and Schindler submit, however, that this motion "was filed in bad faith as it failed to state the name of the individual to be deposed, the place, date, or time of the deposition." We find no rule or requirement that the motion itself contain such information in order to be sufficient to accomplish its purpose, namely the appointment of the commissioner. That information may be given at the hearing or in an order appointing the commissioner. Again, as Del Duca illustrates, record activity may be filed solely to avoid dismissal for failure to prosecute, but if it still moves the case toward disposition, then it is sufficient to avoid dismissal under rule 1.420(e).
Finally, Gentry and Schindler argue that because Abaddon did not set its motion for hearing until after the motions to dismiss had been filed, the trial court had a basis to conclude that the activity would not move the case toward a conclusion on the merits. The supreme court has rejected that argument. See Fuster-Escalona v. Wisotsky, 781 So.2d 1063, 1066 (Fla.2000). In Fuster-Escalona, only one motion was filed in the year preceding the rule 1.420(e) motion. This court held that the motion was not sufficient record activity because the party never requested a hearing on the motion. See Fuster-Escalona v. Wisotsky, 715 So.2d 1053, 1054 (Fla. 4th DCA 1998). The supreme court disagreed, holding that even though it would have been prudent to request a hearing, the movant was not legally required to do so and should not be penalized for not doing something not legally required. See Fuster-Escalona, 781 So.2d at 1066. Accordingly, Abaddon's failure to request a hearing does not require a finding that the motion was in bad faith or otherwise not designed to move the case forward.
We conclude that the motion to appoint a commissioner was record activity which would hasten the case toward a conclusion on the merits. We therefore reverse and remand for reinstatement of the proceedings. Our reversal makes it unnecessary to address the remaining issue in the case.
GROSS and HAZOURI, JJ., concur.
NOTES
[1] During the pendency of the lawsuit, Gentry died and his estate was substituted as a defendant.