Alvin Lewis appeals the dismissal of his petition for Declaratory Judgment and In-junctive Relief for failure to prosecute. With several motions pending, the trial court had observed no record activity by the appellant in over one year and dismissed the claim. Florida Rule of Civil Procedure 1.420(e), provides:
Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Likewise, in Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991), the Supreme Court observed that the resolution of a motion to dismiss for failure to prosecute involves a two-step process. “First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed.” Del Duca, 587 So.2d at 1308-09. In the instant case, it does not appear that Lewis had the opportunity to demonstrate good cause why his action should not be dismissed as required by the rule and controlling case law. The appel-lee admits that it never received notice of the dismissal, and it appears the same is true as to Lewis. Accordingly, the order under review is vacated and the matter is remanded for further proceedings. The trial judge should ensure those steps are taken which provide compliance with Rule 1.420(e) and Del Duca, and then make its ruling.
Reversed and remanded.